Clarence M. DITLOW, Plaintiff,

v.

George P. SHULTZ, Secretary, Department of the Treasury, Defendant.

Civ. A. No. 74-302.

United States District Court, District of Columbia.

July 19, 1974.

Raymond T. Bonner and Ronald L. Plesser, Washington, D.C., for plaintiff.

Earl J. Silbert, U.S. Atty, Arnold T. Aikens and Eric B. Marcy, Asst. U.S. Attys., Washington, D. C., for defendant.

## MEMORANDUM OPINION

WADDY, District Judge.

### I.

This case is before the Court on the motion of plaintiff for summary judgment and defendant's motion to dismiss or in the alternative for summary judgment. This action is brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and this Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(3) of that Act. Plaintiff Ditlow seeks declaratory and injunctive relief, requiring defendant to produce and make available for copying and inspection the U.S. Customs Declaration (Customs Form 6059–B, November 1972) completed by all persons who entered the United States by air from points in Asia/Australia/Australasia between May 1, 1973, and September 1, 1974.

Plaintiff claims that he seeks the names and addresses appearing on the Customs Declarations "in order to fulfill his obligations as representative of the class of all passengers who were charged unlawful fares pursuant to the violations of law alleged in [another] action." The other action referred to by plaintiff is Civil Action 999–73 (D.D.C.), an anti-trust action brought by plaintiff against Pan American World Airways Inc. and nine other airlines engaged in the transportation of passengers in the transpacific market. In that action plaintiff seeks to recover on his own behalf the sum of $125.40 and three-fold damages for each person who flew via the defendants' airlines between points in the United States and points in Asia/Australia/Australasia and islands in the Pacific during the identified period. The case was dismissed by this Court on August 7, 1973 for failure to state a claim upon which relief can be granted under the Sherman Antitrust Act. It is currently pending before the United States Court of Appeals, D.C. Circuit, No. 73–1936.

The defendant, Secretary of the Department of the Treasury, under whose

jurisdiction falls the Bureau of Customs, and who has custody of the requested documents, opposes disclosure of this information on the grounds that such information is specifically exempted by sections 552(b)(4) and (b)(6) [1] of the Freedom of Information Act.

## II.

The material facts are these: all persons entering the United States are required to complete U.S. Customs Declaration form 6059–B, and these completed forms are kept in the possession of the Department of the Treasury. This form consists of one sheet of paper with inquiries on both sides. The front side requests the following information: (1) the name of the declarant; (2) the declarant's date of birth; (3) the vessel or airline and flight number on which the declarant arrived; (4) the declarant's citizenship; (5) residency; (6) permanent address; (7) address while in the United States; (8) the name and relationship of accompanying family members; (9) whether or not declarant or anyone in declarant's party is carrying any agricultural or meat products or pets; (10) whether or not anyone is carrying over $5000 in coin, currency, or negotiable instruments; (11) a certification by declarant that all statements on the declaration are true, correct and complete; and, if declarant is a noncitizen, (12) requests the place his visa was issued and (13) the date it was issued. The back side of the form requests a detailed list of all articles acquired abroad which are in declarant's possession at the time of arrival, including price information on articles so acquired.

Plaintiff, through his attorney, requested access to the Customs Declaration forms in a letter to the regional commissioners of customs in Los Angeles and San Francisco, wherein plaintiff specified his particular interest in the names and addresses of the declarants. This request was denied by the Assistant Commissioner, Officer of Regulations and Rulings, Department of the Treasury, Bureau of Customs, on the ground that the "declarations contain commercial or financial information which is privileged or confidential and, therefore, is exempt from disclosure under the provisions of 5 U.S.C. § 552(b)(4)" and parallel sections of the Customs Regulations. Plaintiff appealed this decision to the Commissioner, Bureau of Customs, and emphasized that the only information sought off the forms was the names and addresses of the declarants. The appeal was denied.

In denying the appeal, the Commissioner of Customs re-asserted the view that the information requested was exempt from disclosure under the provisions of 5 U.S.C. § 552(b)(4), stating:

"We interpret the terms 'commercial or financial information' as used in the statute and in our regulations to include the fact of a person's arrival at a port in the United States from an overseas destination via a named air carrier, and we believe the fact of his arrival to be privileged or confidential."

The Commissioner denied the appeal on the additional ground that "disclosure of the information requested would violate the right of personal privacy of the affected individuals, 5 U.S.C. 552(b)(6) . . ." and cited the case of Getman v. N.L.R.B., 146 U.S. App.D.C. 209, 450 F.2d 670, 674 (1971), wherein the Court stated that it is necessary "to balance the right of privacy

---

1. Section 552 of the FOIA provides, *inter alia*,

"(b) This section does not apply to matters that are—

\* \* \* \* \*

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

\* \* \* \* \*

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;"
5 U.S.C. § 552 (1970).

of affected individuals against the right of the public to be informed." Again plaintiff appealed to the Commissioner, reiterating that he was seeking only the names and addresses which appear on the declarations, and requesting the Commissioner to reconsider his earlier denial in light of relevant judicial decisions handed down subsequent to the Commissioner's initial denial. This request was denied on the basis that the "information is confidential and exempt from disclosure under the provisions of 5 U.S.C. 552(b)(6)." No mention is made in this letter of any denial under 5 U.S.C. § 552(b)(4). Shortly thereafter the present action was filed.

### III.

■ With respect to Exemption (4), it appears to this Court that much of the information required by the Government and recorded on the Customs Declaration form is confidential information that would not customarily be disclosed to the public by the person from whom it was obtained and also that public disclosure of the information poses the likelihood of harm to legitimate private interests. Disclosure of such information is excluded by Exemption (4). *Cf.* National Parks and Conservation Ass'n v. Morton, D.C.Cir., 498 F.2d 765 (1974). However, bare disclosure of the names and addresses of the passengers is not precluded by Exemption (4) and might be disclosed unless nondisclosure is required by Exemption (6).

### IV.

■ Any holding that Exemption (6) is applicable to certain documents must be predicated on a finding that the subject documents are either "personnel", "medical" or "similar files" within the meaning of that Exemption. There is no contention that the documents plaintiff seeks in this case are "personnel" or "medical" files. On the question of what the term "similar files" means, the Court in *Getman* said:

"Both the House and Senate reports on the bill which became the Freedom of Information Act indicate that the real thrust of Exemption (6) is to guard against *unnecessary disclosure* of files of such agencies as the Veterans Administration or the Welfare Department or Selective Service or Bureau of Prisons, which would contain 'intimate details' of a 'highly personal' nature." (footnotes omitted) (emphasis supplied). 450 F. 2d at 675. See also, Robles v. Environmental Protection Agency, 4 Cir., 484 F.2d 843, 845 (1973).

Although no promise of confidentiality was made at the time the information to complete Form 6059–B was obtained, the individuals entering the country were required by law to divulge information that they would not otherwise disseminate for general and public use. This information concerns their names, ages, citizenship, residency, permanent addresses, addresses while in the United States, the names and relationship of family members, personal finances, when and where their visas were issued, and all acquisitions while abroad, including the price thereof. This Court is of the opinion, and finds, that the Custom Declaration Form 6059–B, when completed with the above-mentioned information, contains "intimate details" of a "highly personal" nature and are "similar files" within the meaning of Exemption (6).

### V.

■■ Even though the documents in question are "similar files" within the meaning of Exemption (6), they are still producible unless their disclosure would constitute a "clearly unwarranted invasion of personal privacy." The Court of Appeals in *Getman* stated that the ". . . statutory language 'clearly unwarranted' instructs the court to tilt the balance in favor of disclosure." 450 F.2d at 674. The Court of Appeals also teaches in *Getman* that Exemption (6) is unique among the nine exemptions enumerated in § 552(b) in two major respects. First, it calls for the Court to

exercise its discretion by balancing the interests of the parties, i. e. the right of the public to have access to governmental information against the right of personal privacy of affected individuals. 450 F.2d at 674. The Court stated in footnote 10:

"Any discretionary balancing of competing interests will necessarily be inconsistent with the purpose of the Act to give agencies, and courts as well, definitive guidelines in setting information policies . . . But Exemption (6), by its explicit language, calls for such balancing and must therefore be viewed as an exception to the general thrust of the Act. S.Rep., at 9, explains:

'The phrase "clearly unwarranted invasion of personal privacy" enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to governmental information. The application of this policy should lend itself particularly to those Government agencies where persons are required to submit vast amounts of personal data usually for limited purposes. * * *'

We note in passing that no other exemption specifically requires balancing. In view of the Act's basic purpose to limit discretion and encourage disclosure, we believe that Exemption (6) should be treated as unique, and that equitable discretion should not be imported into any of the other exemptions . . . . " 450 F.2d at 674 n. 10.

Second, the Getman Court recognized that Exemption (6) is also unique in that the reasons of a plaintiff for requesting access to documents are relevant to the balancing process and must be taken into account. It stated:

"Although one of the purposes of the 1967 Freedom of Information Act was to limit agency discretion not to disclose by abandoning the former ground rule that a person requesting information show he was 'properly and directly concerned,' and by instead warranting disclosure to 'any person,' we find that this purpose is in unavoidable conflict with the explicit balancing requirement of Exemption (6) . . . . *Since Exemption (6) necessarily requires the court to balance a public interest purpose for disclosure of personal information against the potential invasion of individual privacy, a court's decision to grant disclosure under Exemption (6) carries with it an implicit limitation that the information, once disclosed, be used only by the requesting party and for the public interest purpose upon which the balancing was based . . . .*" (emphasis supplied). 450 F.2d at 677 n. 24.

In the very recent case of Rural Housing Alliance v. U. S. Department of Agriculture et al., D.C.Cir., 498 F.2d 73, 77 (1974), the Court of Appeals stated:

" . . . that in balancing interests the court should first determine if disclosure would constitute an invasion of privacy, and how severe an invasion. Second, the court should weigh the public interest purpose of those seeking disclosure, and whether other sources of information might suffice."

In the first prayer of the complaint and in his motion for summary judgment, plaintiff asks the Court to rule that the *Customs Declaration* forms be made available to him. He has also presented to the Court a form of order and judgment that is not limited to the disclosure of the names and addresses of the passengers but would also make available to him the complete Customs Declaration forms. This Court has concluded from the submissions of the parties that the disclosure of the highly personal and intimate details contained on the completed Customs Declaration forms for the purpose alleged by the plaintiff is totally unnecessary and would constitute a clearly unwarranted inva-

sion of personal property. Having so concluded, the Court must now consider whether, under the circumstances of this case, the disclosure of the names and addresses only is foreclosed by Exemption (6).

In his appeal to the Commissioner, Bureau of Customs, dated August 7, 1973, plaintiff, through counsel, emphasized ". . . that the only information we want is the name and address of the passenger; we have no interest in obtaining any financial or commercial information."

The *Getman* Court, in ruling on the producibility of the Excelsior lists (names of persons eligible to vote in a representation dispute), stated ". . . in themselves a bare name and address give no information about an individual which is embarrassing"; and, after considering the purpose for which plaintiffs sought the lists, found that ". . . while recognizing that such disclosure does involve some invasion of privacy, . . . the invasion itself is to a very minimal degree." 450 F.2d at 675.

As distinguished from the finding of the Court of Appeals in *Getman*, this Court finds that the disclosure of the bare names and addresses sought herein by plaintiff will reveal that an individual was outside of the United States prior to a given date; the date of his return or initial entry to the United States; the general area of the world in which he had traveled; and the general area from which he came to the United States. Such information is confidential; may be embarrassing; and its disclosure would constitute a substantial invasion of privacy.

In the balancing process required by Exemption (6), the Court must consider also the reasons of the plaintiff for seeking access to the documents and weigh his public interest purpose. In his complaint plaintiff alleges that he ". . . is seeking the names and addresses appearing on the Customs Declarations . . . in order to fulfill his obligations as representative of the class of all passengers who were charged unlawful fares pursuant to the violations of law alleged in . . . " a certain class action. It so happens, however, that this action is pending in the United States Court of Appeals, D.C. Circuit, on appeal from a judgment of the United States District Court dismissing the complaint. Assuming that the search for members of the class in a private lawsuit of this nature serves a public interest, if the Court of Appeals affirms the District Court's dismissal of the class action, plaintiff will have no reason to obtain the names and addresses of the passengers and no public interest purpose will then be served by such disclosure. On the other hand, if the Court of Appeals reverses the District Court and reinstates the Complaint, the plaintiff will have available to him other sources of obtaining the desired information. For example, he may, by use of the discovery rules of the Federal Rules of Civil Procedure, require the defendants to produce the names and addresses. Plaintiff recognizes the availability of other sufficient sources of information. In footnote 5 of his Reply to Defendants' Motion To Dismiss Or In The Alternative For Summary Judgment, he states:

"In fact, some of the information contained on the Customs Declaration is available elsewhere. Civil Aeronautics Board Regulations require the airlines to maintain ticket coupons and reservation records. 14 C.F.R. § 249.13, lines 151(a) & 301. From these can be obtained the passenger's name, home and/or business telephone number, flight number and date, and often the passenger's address. Airlines also maintain flight manifests which contain the passenger's name and information about the flight. Finally, for those passengers who utilize credit cards, the receipt retained by the airline shows the passenger's name, information about the flight and the credit card number."

Attached to the above-mentioned Reply is the affidavit of plaintiff's counsel in which he states under oath that he has

had lengthy discussions with counsel for Pan American, et al. in the above action and, as a result of those discussions and his own research, he has determined the availability of those other sourses of information. In *Rural Housing Alliance, supra,* the Court of Appeals directs that in balancing interests " . . . the Court should weigh the public interest purpose of those seeking disclosure, and *whether other sources of information may suffice.*" (Emphasis supplied).

In sum,. this Court finds that disclosure of the names and addresses appearing on the Customs Declaration forms would constitute a substantial invasion of privacy; that such disclosure is unnecessary in this case; that protection of the individual from the potential invasion of privacy outweighs the public interest purpose for disclosure. Therefore, disclosure would constitute a "clearly unwarranted invasion of personal privacy."

Plaintiff's motion for summary judgment will be denied. Defendant's alternative motion for summary judgment will be granted.