MYLAN PHARMACEUTICALS, INC., a Subsidiary of Mylan Laboratories, Inc., a West Virginia Corporation, Plaintiff,

v.

NATIONAL LABOR RELATIONS BOARD, REGION 6, Henry Shore, Regional Director, Defendant.

Civ. A. No. 76–79.

United States District Court, W. D. Pennsylvania.

Jan. 28, 1976.

John H. Hill, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Peter Hoffman, N. L. R. B., Pittsburgh, Pa., for defendant.

## OPINION

SNYDER, District Judge.

The Plaintiff, Mylan Pharmaceuticals, Inc. (Mylan), brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, seeking statements and affidavits obtained by

Agents of the National Labor Relations Board (N.L.R.B.) as part of their investigation of unfair labor practice charges against Mylan. This Court refused to grant a temporary restraining order and held a hearing on the preliminary injunction request on January 27, 1976. The Plaintiff sought to restrain the N.L.R.B. from conducting its administrative hearing until the issues herein had been resolved and, should disclosure be ordered, a stay of the administrative proceedings until a reasonable time after such disclosure. Plaintiff's request for disclosure and injunction will be denied, and the Complaint dismissed.[1]

Counsel have largely stipulated the factual background to be: On May 21, 1975, the Oil, Chemical and Atomic Workers and its Local Union 8–2, AFL–CIO (Union), filed a petition for representation with Region 6 of the N.L.R.B., seeking certification as the exclusive collective bargaining representative in a unit of production and maintenance employees at the Plaintiff's Morgantown, West Virginia facility. On July 25, 1975, the N.L.R.B. conducted a representation election which the Union lost by a count of 115 to 90, with 6 ballots being challenged. The Union filed timely objections to the conduct of the election.

On July 29, 1975, the Union filed an unfair labor practice charge alleging that Mylan had violated Section 8(a)(1) of the National Labor Relations Act (29 U.S.C. § 158(a)(1)). On September 8, 1975 and November 18, 1975, the Union amended its charges to include the allegation that Mylan violated other sections of the Act by discriminating against employees, Elizabeth Sekula and Carolyn K. Bayles, each of whom had filed individual charges against their employer.[2] The Regional Office investigated the charges filed by the Union and on December 1, 1975, the Regional Director, Henry Shore, issued a complaint charging My-

lan with the alleged violations and an Order directing hearing on the objections as filed by the Union. This hearing is scheduled for Monday, February 2, 1976.

In a letter to the Regional Director, dated December 2, 1975, Mylan, pursuant to the FOIA, requested copies of "all written statements, signed or unsigned, contained in the Board's case files . . Specifically, we are hereby requesting receipt of written reports or signed affidavits which resulted from your interviewing witnesses offered by the [Union]." The Regional Director denied the request by letter dated December 5, 1975, and by letter dated December 9, 1975, Mylan appealed the Director's denial to the N.L.R.B.'s General Counsel. Mylan was informed of the denial of its appeal by the General Counsel in a letter dated January 9, 1976. The instant action was then filed on January 16, 1976 seeking production of the requested documents and asking for a stay of at least thirty working days from the date of the production of said documents.

Jurisdiction of this Court to order production of documents under the FOIA clearly extends to "each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules . . . ." (5 U.S.C. § 552(a)(3)).

Jurisdiction is granted as well to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.

It is noted at the outset that this is not an action to review discovery matters which may or may not arise during the Board's hearing. Rather, this is a separate and distinct action, pursuant to the FOIA, the benefits of which are available to any person. The Board here contends that the FOIA was not intended as a broad discovery tool for litigants in administrative agency proceedings, and even if so interpreted, that the docu-

---

1. At the hearing on January 27, 1976, Counsel for Plaintiff made oral motion that the Request for Permanent Injunction be consolidated with the Request for Preliminary Injunction for consideration by the Court, which motion was

granted. Counsel for Plaintiff further made an oral motion for summary judgment which was accepted and taken under advisement by the Court.

2. The charges have been withdrawn.

ments are exempt under the provisions of 5 U.S.C. § 552(b)(7)(A), (C), and (D).[3]

■ The main thrust of the Plaintiff's argument before this Court was that the Board had not met its burden of demonstrating that the request for information fell within one of the Act's specific exemptions. This contention, however, does not take into account the legislative history of the amendments to Exemption 7 where Senator Hart expressly took notice that the original intent of Congress was to prevent harm to enforcement proceedings "by not allowing an opposing litigant earlier or greater access to investigative files than he would otherwise have." 120 Cong.Rec. S9329 (Daily Ed., May 30, 1974). Thus, Defendant meets its burden under Exemption 7A by showing that the statements which the employer seeks to obtain before the Board hearing are documents it could not normally obtain.[4] *See Climax Molybdenum Co. v. N.L.R.B.*, 407 F.Supp. 208, 90 LRRM 3126 (D.Colo.1975) (appeal pending); *Contra: Title Guarantee Co. v. N.L.R.B.*, 407 F.Supp. 498, 90 LRRM 2849, 90 LRRM 3238 (S.D.N.Y.1975) (now on expedited appeal to the Second Circuit, No. 75–6119).

■ With respect to Subsection (C), we adopt the ruling of the Court in *Title Guarantee Co. v. N.L.R.B., supra*, as follows (at p. 505, 90 LRRM at pp. 2853–2854):

"Defendant's further contention that the documents would constitute an unwarranted invasion of personal privacy seems to hinge on a rather wide interpretation of Exemption 7(C). According to the defendant, the right to privacy here includes the 'right to select the people to whom . . . (one) will communicate his ideas.' The court does not agree. The cases applying Exemption 7(C) are generally concerned with items which are much more commonly thought of as private. *See, e. g., Rural Housing Alliance v. U. S. Department of Agriculture,* 162 U.S.App.D.C. 122, 498 F.2d 73 (1974) (information concerning marital status, legitimacy of children, identity of fathers of children, medical conditions, welfare payments, alcoholic consumption, family fights); *Wine Hobby U. S. A. v. I. R. S.,* 502 F.2d 133 (3d Cir. 1974) (home address, family status); *Ackerley v. Ley,* 137 U.S.App.D.C. 133, 420 F.2d 1336 (1969) (medical files); *Ditlow v. Schultz,* 379 F.Supp. 326 (D.D.C.1974) (travel history). The court has examined the material in question and has found no personal matters which should be protected under Exemption 7(C)."

. . . .", would apply. We, however, do not believe there is any merit to the application of this Exemption. *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975), applying a work product privilege and the "executive privilege" for predecisional memorandum which reflect the agency's deliberative processes.

---

**3.** 5 U.S.C. § 552(b)(7) provides in pertinent part as follows:

"This section does not apply to matters that are—

\* \* \* \* \* \*

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, \* \* (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, . . .".

The NLRB also contends that Exemption 5, which protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

**4.** Under the Board's rules, affidavits are only available to a litigant "after a witness called by the General Counsel or the charging party has testified in a hearing upon a complaint. . . . ." The rule provides that "the administrative law judge shall, upon motion of the respondent, order the production of any statement . . . of such witness in the possession of the General Counsel which relates to the subject matter as to which the witness has testified [for] examination and use for the purpose of cross-examination." 29 C.F.R. 102.-118(b)(1).

■ With respect to Subsection D, we also adopt the ruling of the Court in *Climax Molybdenum Co. v. N. L. R. B., supra,* as follows (at p. 3127):

"The other claims of exemption are inapplicable in this case. All of the persons interviewed in the course of an N.L.R.B. investigation are potential witnesses whose identity will ultimately be disclosed to a respondent if they are called to testify. I see no basis for considering such persons to be confidential sources within the meaning of exemption (7)(D). . . ."

■ We thus conclude that the FOIA was not intended by Congress as a broad discovery tool and cannot be interpreted so as to provide the Plaintiff a remedy under the facts as shown in this case. Furthermore, we think that the requested documents do fall within the exemption provided in Section 552(b)(7)(A).

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law as required by Rule 52(a), Fed.R. Civ.P., and an appropriate Order shall be entered.[5]

---

**5.** Defendant in addition filed a *Motion to Quash* a Subpoena directed to John Johnson, Esquire, one of its field attorneys. Since Attorney Johnson was not called to testify, we need not dispose of this Motion.