ELECTRI–FLEX COMPANY, a
corporation, Plaintiff,

v.

The NATIONAL LABOR RELATIONS BOARD and Alex V. Barbour, Regional Director, National Labor Relations Board, Thirteenth Region, Defendants.

No. 76 C 959.

United States District Court,
N. D. Illinois, E. D.

April 8, 1976.

---

Samuel W. Witwer, Jr., Witwer, Moran, Burlage & Atkinson, Chicago, Ill., for plaintiff.

John S. Irving, Jr., Gen. Counsel, Elliott More, Deputy Associate Gen. Counsel, Abigail Cooley, Asst. Gen. Counsel for Litigation, Washington, D. C., Edwin H. Benn, Atty., N. L. R. B., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

*Motion for Preliminary Injunction*

MAROVITZ, District Judge.

On March 12, 1976, Electri-Flex Company, a respondent in an unfair labor practice proceeding before the National Labor Relations Board ("the Board"), brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and invoking this Court's jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), seeking to obtain copies of certain documents in the Board's possession which would not otherwise be available to it at the present time under the Board's discovery procedures. On March 30, 1976, plaintiff moved for a preliminary injunction designed to enjoin the Board from proceeding to a scheduled trial of the charges against plaintiff until such time as their FOIA claim was adjudicated.

From the pleadings and oral representations of counsel, it appears that NLRB Consolidated Cases No. 13–CA–14739 and 13–CA–15036 are scheduled for trial before an Administrative Law Judge on Tuesday, April 13, 1976. The scheduled trial is the result of two Complaints and Notices of Hearing filed by the Board against Electri-Flex on January 16 and March 12, 1976. The Board investigations which prompted these Complaints were based upon numerous charges and amended charges of unfair labor practices raised by District No. 122, International Association of Machinists and Aerospace Workers, AFL–CIO, against Electri-Flex, alleging violations of Sections 8(a)(1), (3) and (5) of the National Labor Relations Act ("the Act"), 29 U.S.C. §§ 158(a)(1), (3) and (5).

On January 20, 1976, Electri-Flex submitted a formal request to the Board pursuant to the FOIA and the Board Rules and Regulations, 29 C.F.R. § 102.117, that the Board

[p]roduce for inspection and copying, copies of all written statements, signed or unsigned, including affidavits and notes or narrative reports summarizing oral statements, contained in the Board's files, which resulted from Board interviews of or inquiries to the persons named as charging parties or alleged discriminatees in the Complaint against [Electri-Flex] served January 16, 1976 and any other persons having knowledge of the matters complained of therein, together with any such statements taken subsequently in this proceeding or any consolidated proceeding incorporating into this case other pending charges against [Electri-Flex].

By letter dated January 29, 1976, the Board denied the Electri-Flex request on the asserted grounds that the materials sought were privileged from disclosure by Exemptions 5, 7(A), 7(C) and 7(D) of the FOIA, 5 U.S.C. §§ 552(b)(5), 7(A), 7(C) and 7(D).

A February 9, 1976 appeal to the Board's General Counsel was denied on March 11, 1976, for substantially the same reasons as the initial denial by the Board. This action then followed.

The threshold question in this action is whether this Court has jurisdiction to enjoin Board proceedings pending an FOIA determination. We agree with plaintiff that in light of this Court's equitable jurisdiction under 5 U.S.C. § 552(a)(4)(B), in appropriate circumstances we would have such jurisdiction. The Supreme Court holding in *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974), was specifically limited to renegotiation cases, where irreparable injury was not possible. The general question of "whether, or under what circumstances, it would be proper for the District Court to exercise jurisdiction to enjoin agency action pending the resolution of an asserted FOIA claim," was specifically left open. *Renegotiation Board v. Bannercraft Clothing Co., supra*, 415 U.S. at 20, 94 S.Ct. at 1038, 39 L.Ed.2d at 137.

■ Among the factors to be considered by a court in determining the propriety of the issuance of a preliminary injunction are: (1) the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the likelihood of plaintiff's success on the merits; (3) a balancing of the potential harm to the plaintiff against the harm to the defendant; and (4) the public interest. 11 Wright and Miller, *Federal Practice and Procedure* § 2948; see also, *Burns v. Paddock*, 503 F.2d 18, 28 (7th Cir. 1974). A consideration of these factors in light of the facts of this case and the decided case law leads us to the conclusion that the issuance of a preliminary injunction in this action would be inappropriate, and accordingly, we deny plaintiff's motion.

■ The essence of plaintiff's claim is that the failure of this Court to enjoin the April 13, 1976 Board trial will result in irreparable injury "since no post hearing remedy or appeal can adequately substitute for a successful defense at the administrative trial level." Motion for Preliminary Injunction ¶ 6. Specifically, plaintiff points to the fact that credibility issues "are virtually unappealable as a matter of law," that there attaches a "presumption of correctness" to factual determinations by Administrative Law Judges, that under the "substantial evidence rule" reviewing courts defer to the administrative expertise of the Board and the Administrative Law Judge, and that the rate of affirmance of Board cases exceeds 85%.. Id. ¶ 6(a)–(d).

We note first, that standing alone, the grounds claimed by plaintiff in support of its "irreparable injury" argument are no different than those faced by any party subject to a Board trial. From both the statute and the decided case law it is clear that whatever finality or presumptions allegedly attach to the results of such a trial are not absolute. Congress specifically provided for a full review of Board trials in Sections 10(e) and (f) of the Act, 29 U.S.C. §§ 160(e) and (f). Upon such review, a litigant is afforded "adequate opportunity to secure judicial protection against possible illegal action on the part of the Board,"

since "all questions of the jurisdiction of the Board and the regularity of its proceedings, [and] all questions of constitutional right or statutory authority are open to examination by the [reviewing] court." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48, 49, 58 S.Ct. 459, 463, 82 L.Ed. 638, 643 (1938). The Court therefore reaffirmed its holding in *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 46–47, 57 S.Ct. 615, 628–29, 81 L.Ed. 893, 916–917 (1937), that the procedural provisions of the Act provide an "adequate opportunity to secure judicial protection against arbitrary action in accordance with the well-settled rules applicable to administrative agencies set up by Congress to aid in the enforcement of valid legislation." *Myers v. Bethlehem Steel Corp., supra*, 303 U.S. at 49, 58 S.Ct. at 463, 82 L.Ed.2d at 643.

■ Nor do we find that the restrictive discovery rules of the Board provide plaintiff with a ground for an irreparable injury claim. This matter was settled long ago by the Seventh Circuit in *Vapor Blast Mfg. Co. v. Madden*, 280 F.2d 205, 208–209 (7th Cir.), *cert. denied*, 364 U.S. 910, 81 S.Ct. 273, 5 L.Ed.2d 225 (1960).

> The review provisions of the Act . . . provide adequate and full opportunity for the Company to raise the contentions it tendered in its complaint in the district court. Under the provisions of Section 10(e) of the Act, in an enforcement proceeding the Company may put in issue the question of whether it was deprived of its rights to procedural due process by the Board action of suppressing the documents in question.

\*    \*    \*    \*    \*    \*

[M]erely raising a constitutional issue in its complaint for declaratory judgment, when full appellate review of the administrative proceedings is available and in the absence of any extenuating circumstances, is insufficient to give the district court jurisdiction over the subject matter in the face of the well-established doctrine of exhaustion of administrative remedies.

The Board rules which permit pretrial discovery only upon a showing of "good cause", 29 C.F.R. § 102.30, have been held to be constitutional and not violative of due process. See, e. g., *NLRB v. Vapor Blast Manufacturing Co., supra; NLRB v. Interboro Contractors, Inc.,* 432 F.2d 854, 857–858 (2nd Cir. 1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971).

Under the Freedom of Information Act, Congress directed that records of all governmental agencies be made available to the public upon compliance with certain specified procedures. This "open door" policy, however, is subject to the enumerated exceptions set forth in 5 U.S.C. § 552(b). Questions regarding an agency's refusal to produce requested materials are subject to review in the district courts, wherein an injunction against withholding may be issued. 5 U.S.C. § 552(a)(4)(B).

■■ The rights of the public under the FOIA are enjoyed equally by all. The FOIA, however, was not intended to be used as a discovery tool, *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1512, 44 L.Ed.2d 29, 43 (1975); *Williams v. Internal Revenue Service,* 345 F.Supp. 591, 594 (D.Del.1972), *aff'd,* 479 F.2d 317 (3rd Cir. 1973); *Roger J. Au & Son, Inc. v. NLRB,* 405 F.Supp. 1200 (W.D. Pa.1976), but was rather designed to allow the public general access to information regarding agency activity. An individual's right to specific agency information under the FOIA is neither increased nor decreased by virtue of the fact that he may be a litigant before the agency from which he seeks information. *Renegotiation Board v. Bannercraft Clothing Co., supra,* 415 U.S. at 24, 94 S.Ct. at 1640, 39 L.Ed.2d at 139; *EPA v. Mink,* 410 U.S. 73, 79, 82, 93 S.Ct. 827, 832, 833, 35 L.Ed.2d 119, 127, 129 (1973).

The question before us, therefore, and relating specifically to the likelihood of plaintiff's success on the merits, is whether the materials requested by plaintiff fall within any of the enumerated exceptions to the Act. The Board claims that the materials may be properly withheld pursuant to Exemptions 5, 7(A), 7(C) and 7(D), 5 U.S.C. §§ 552(b)(5), 7(A), 7(C) and 7(D).

5 U.S.C. § 552(b) provides in pertinent part:

(b) This section does not apply to matters that are—

\*  \*  \*  \*  \*  \*

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency

\*  \*  \*  \*  \*  \*

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings . . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source . . . .

The Board has submitted three classes of documents to the Court for *in camera* inspection to aid in the resolution of plaintiff's FOIA claim. Class I contains investigative reports, Class II contains affidavits and Class III contains interview notes.

The Board claims that under Exemption 5, a provision of the FOIA left unchanged by the 1974 amendments, all three classes of documents should be exempt from production under the work-product rule of *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), since such materials are not properly discoverable in any civil proceeding. In support of this position the Board cites *Atlas Industries, Inc. v. NLRB,* Civ. No. C–76–27 (N.D.Ohio, Feb. 23, 1976); *Hook Drugs, Inc. v. NLRB,* No. 76–24–C (S.D.Ind. March 5, 1976); and *Jamco Int'l, Inc. v. NLRB,* 91 LRRM 2446 (D.Md. Feb. 17, 1976). Additionally, the Board claims that at least the Class I documents relating to investigative reports should be exempt under subsection 5 on the theory of the government's executive privilege designed to protect agency deliberative processes. *NLRB v. Sears, Roebuck & Co., supra,* 421 U.S. at 148–150, 95 S.Ct. at 1515–16, 44 L.Ed.2d at 46–47, (Congress had the Government's executive privilege specifical-

ly in mind in adopting Exemption 5); *Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 184, 95 S.Ct. 1491, 1500, 44 L.Ed.2d 57, 71 (1975).

■ We hold that subsection 5 exempts the production of Class I documents but not Class II or III documents. The Class I documents consist of investigatory reports prepared by field workers of the Board for the ·benefit of the Board decision-makers. These reports are not final opinions in that the investigators themselves lacked the requisite decision-making authority. As such, the documents are within Exemption 5 even if the Board ultimately adopted the reports' conclusions. *Renegotiation Board v. Grumman Aircraft Engineering Corp., supra,* 421 U.S. at 184–185, 95 S.Ct. at 1500, 44 L.Ed.2d at 71. Further, the reports qualify under the "memorandums or letters" exemption of Exemption 5, *NLRB v. Sears, Roebuck & Co., supra,* 421 U.S. at 150–152, 95 S.Ct. at 516–17, *EPA v. Mink, supra,* since they are internal communications consisting of advice in consideration of litigation, recommendations, opinions and other material reflecting deliberative processes, and are not *purely* factual reports.

■ The Class II and III documents, however, do not fall within the four corners of the subsection 5 exemption. Both the affidavits and the interview notes contain purely factual matters, and are not in any way deliberative or advisory. See, e. g., *EPA v. Mink, supra,* 410 U.S. at 89, 93 S.Ct. at 836, 35 L.Ed.2d at 133; *Soucie v. David,* 145 U.S.App.D.C. 144, 448 F.2d 1067, 1077 (1971); *Title Guaranty Co. v. NLRB,* 407 F.Supp. 498, 90 LRRM 2849, 2851–2852 (S.D.N.Y.1975) (and cases cited therein), *rev'd on other grounds,* 534 F.2d 484, No. 75–6119 (2nd Cir. April 2, 1976). Rather, the Class II and III documents appear to be protected under Exemption 7(A).

5 U.S.C. § 552(b)(7)(A) provides that documents need not be produced if they are:

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such

records would (A) interfere with enforcement proceedings.

This version of the FOIA is the result of the 1974 amendments. Prior to the amendment the exception read simply:

(7) investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency.

It has long been the policy of the Board not to allow pretrial discovery of statements made to it during the course of Board investigations. As noted above, this practice has been held constitutional. *NLRB v. Vapor Blast Mf'g Co., supra; NLRB v. Interboro Contractors, Inc., supra.* After the passage of the original FOIA in 1966, a number of employers tried to use the FOIA to compel the Board to disclose the statements that it was not otherwise required to release. The courts, under preamendment FOIA, uniformly held that such statements were exempt from production under the "investigative records" exception. See, e. g., *Wellman Industries, Inc. v. NLRB,* 490 F.2d 427 (4th Cir.), *cert. denied,* 419 U.S. 834, 95 S.Ct. 61, 42 L.Ed.2d 61 (1974).

, Plaintiff contends that the precedential value of *Wellman* has been eroded by the 1974 amendments, since under subsection 7(A) the Board now has a burden of showing that disclosure would *actually* be harmful to the proceedings, and that a mere claim of interference does not suffice. *Cessna Aircraft Co. v. NLRB,* 405 F.Supp. 1042, 90 LRRM 2377 (D.Kan.1975); *Maremont Corp. v. NLRB,* 91 LRRM 2645 (W.D. Okl.1976); *Billington Frozen Foods v. Henderson,* 91 LRRM 2761 (W.D.Wash.1976); *Western Corp. v. Fuchs,* 91 LRRM 2454 (D.Mass.1976). It is the Board's position, however, that Exemption 7(A) continues the prior law with respect to investigatory material in any pending enforcement proceeding, since disclosure of information as to any current enforcement action would constitute interference with the orderly process of that proceeding.

In *Title Guaranty Co. v. NLRB,* 534 F.2d 484, No. 75–6119 (2nd Cir. April 2, 1976),

the Second Circuit dealt with the precise question of the impact of the 1974 amendment on the subsection 7(A) exemption and the viability of *Wellman*. After a thorough review of the legislative history of the 1974 amendments and their impact on *Wellman*, the court stated: Opinion at 491–492 (footnotes omitted).

We feel it unnecessary to make the broad determination that any investigative information obtained in connection with a pending enforcement proceeding is per se nondisclosable. But we do think that if statements obtained by the NLRB from employees, or their representatives, in connection with unfair labor practice proceedings against an employer were required to be disclosed, interference with the proceedings could well result in the first two ways suggested by the Board. [First, suspected violators might be able to use disclosure to learn about the Board's case in advance and frustrate the proceedings or construct defenses which would permit violations to go unremedied, and second, employees who are interviewed may be reluctant for fear of incurring employer displeasure, to have it known that they have given information, or union officials might not want to volunteer information for fear of compromising the union's position in negotiations.] Absent a clearer indication of contrary congressional intent, we are not prepared to hold that disclosure may be required under the FOIA in connection with an ongoing unfair labor practice proceeding.

\*   \*   \*   \*   \*   \*

We cannot envisage that Congress intended to overrule the line of cases dealing with labor board discovery in pending enforcement proceedings by virtue of a back-door amendment to the FOIA when it could very easily have done so by direct amendment to Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), or by a blanket enactment pertaining to discovery in pending administrative enforcement proceedings. It is significant that it is never suggested in the legislative history of the 1974 amendment to the FOIA that any such modification of agency discovery rules was intended. The cases that Exemption 7(A) was intended to overrule were for the most part *closed* investigative file cases.

\*   \*   \*   \*   \*   \*

In light of the delicate relationship which exists between employer and employee, we think that Congress would be very reluctant to change the rather carefully arrived at limitations and procedures for discovery in unfair labor practice proceedings by way of an act which, while dealing with disclosure generally does not purport to affect such discovery. . . we are forced to conclude that statements of employees, and their representatives, obtained in connection with unfair labor practice enforcement proceedings are not subject to disclosure as a result of Exemption 7(A). So saying, we do not intend our comments to apply broadly to administrative contexts other than unfair labor practice enforcement proceedings before the NLRB.

See also, *Atlas Industries, Inc. v. NLRB, supra; Mylan Pharmaceuticals, Inc. v. NLRB*, 407 F.Supp. 1124, 91 LRMM 2354 (W.D.Pa.1976).

We concur in the result reached by the Second Circuit and simply add that under the facts of this case, and based upon the underlying theory of *Title Guaranty*, the Class III documents, relating to interviews, should be afforded the same protection as the Class II affidavits.

The Board has advanced two additional grounds for exemption under the Act; that the disclosure of certain of the materials would constitute "an unwarranted invasion of personal privacy" under 5 U.S.C. § 552(b)(7)(C), and that employees who have given statements and submitted affidavits are "confidential sources" within the meaning of 5 U.S.C. § 552(b)(7)(D). While it is possible that these two exemptions may be applicable to some documents sought by plaintiff, we need not reach those issues in light of our conclusion that the materials

are exempt from production under 5 U.S.C. §§ 552(b)(5) and 7(A).

The foregoing shall constitute the findings of fact and conclusions of law as required by Rule 52(a) F.R.Civ.P. Plaintiff's motion for a preliminary injunction is denied.