**AMERACE CORPORATION, ESNA DIVISION, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Defendants.**

No. C-75-533.

United States District Court, W. D. Tennessee, W. D.

June 10, 1976.

---

**454**

J. Edward Wise, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., William K. Rice, Millisor, Rice & Nobil Co., L.P.A., Akron, Ohio, for plaintiff.

Elliott Moore, Deputy Associate Gen. Counsel, Abigail Cooley, Asst. Gen. Counsel for Special Litigation, N. L. R. B., Washington, D. C., for defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

McRAE, District Judge.

Plaintiff instituted this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, on December 1, 1975, seeking disclosure by defendant of "all written statements, signed or unsigned, contained in the Board's case file in Case Nos. 26–CA–5695–1 and 26–RC–4862 relating to or upon which the Regional Director [of the Board] based the decision to issue the Complaint in Case No. 26–RC–5695–1 and the Report on Objections and Challenges in Case No. 26–RC–4862." On December 4, this Court denied plaintiff's application for a Restraining Order pending disclosure of the requested statements without passing on the merits of the FOIA Complaint, *Amerace Corp. v. N. L. R. B.*, 91 LRRM 2344 (W.D.Tenn. Dec. 15, 1975).

The unfair labor practice hearing upon defendant's Complaint was held on December 8, during which time defendant furnished to plaintiff the Affidavits of each witness who was called by defendant and plaintiff was permitted to retain the Affidavits throughout the hearing and use them for purposes of cross-examination.

This action is presently before this Court on Motions for Summary Judgment, filed by both parties. The issue before this Court is whether or not the information presently sought by plaintiff is exempt from disclosure, as alleged by defendant, under one of the narrow exemptions set forth in FOIA.

In determining plaintiff's entitlement to the statements sought, its role as a litigant before the N.L.R.B. does not affect its rights as a citizen to documents in possession of defendant. *N. L. R. B. v. Sears, Roebuck and Co.*, 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). Moreover, this Court cannot consider the purpose for which plaintiff seeks disclosure of the statements it seeks, as this does not affect its right to disclosure. *E. P. A. v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974).

Defendant asserts that the statements sought are exempt from disclosure by virtue of Exemptions 5, 7(A), 7(C) and 7(D), 5 U.S.C. § 552(b). Those exemptions apply to:

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

. . .

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, . . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source . . . . .

The complexion of this action has changed since the cause was filed and originally heard in December. At the December

8 hearing, the defendant furnished to plaintiff the statements of those employees who were used as witnesses and plaintiff was entitled to use those Affidavits for cross-examination purposes. In the light of this occurrence the Court has determined that the ultimate issue under consideration in the present Motion is whether, after an unfair labor practice hearing has been held, a person can secure under the FOIA statements which formed the basis of the N.L.R.B.'s complaint in that hearing. It is within this framework that the Court considers defendant's justifications for not disclosing the requested information.

*Exemption 5.* This Court holds that the statements which plaintiff seeks are not exempt from disclosure since Exemption 5 has not been construed to include documents which consist essentially of factual material. *E. P. A. v. Mink*, 410 U.S. 73 at 89, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Tennessean Newspapers, Inc. v. F. H. A.*, 464 F.2d 657, 660 (6th Cir. 1972); *Title Guarantee Co. v. N. L. R. B.*, 407 F.Supp. 498 (S.D.N.Y.1975), *revs'd on other grounds*, 534 F.2d 484, 91 L.R.R.M. 2993 (2 Cir. 1976). The legislative history of FOIA bears out this interpretation. *See, Title Guarantee Co.*, 407 F.Supp. at 502.

*Exemption 7(A).* In attempting to overcome this exemption, plaintiff relies heavily on the rationale put forth by Judge Gagliardi in *Title Guarantee*, which was recently reversed by the Second Circuit. However, even under the Second Circuit's interpretation of the scope of Exemption 7(A), this Court finds that some of the statements are not exempt from disclosure in this particular case.

The Second Circuit reviewed the legislative history to the 1974 Amendments to Exemption 7 and determined that said amendments were aimed at making available the closed investigatory files which theretofore had been foreclosed to discovery under FOIA. *Cf. Frankel v. S. E. C.*, 460 F.2d 813 (2 Cir. 1971), *cert. den.*, 409 U.S. 889, 93 S.Ct. 125, 34 L.Ed.2d 146 (1972); however, the Court held that disclosure of investigative files in connection with an ongoing unfair labor practice enforcement

proceeding was not required because of FOIA Exemption 7(A). The Court refused to hold that any investigative information obtained in connection with a pending enforcement proceeding was *per se* nondisclosable; rather, the Court was persuaded under the facts in *Title Guarantee* that disclosure of the Board's investigative file prior to the holding of an enforcement proceeding would interfere with those proceedings in two ways: 1) suspected violators might be able to use disclosure to learn of the Board's case in advance and thereby frustrate the proceedings or construct defenses which would permit violations to go unremedied; and 2) employees who are interviewed may be reluctant to give information for fear of retaliation by their employer (even though such retaliation is a *per se* unfair labor practice 29 U.S.C. § 158(a)(4)).

In the case at bar, the first basis has no continued validity since the unfair labor practice hearing has been held. Similarly, employees have no continued claim to protection at or after the hearing since their statements are given to the respondent at the hearing for purposes of cross-examination. *See*, 29 C.F.R. § 102.118 (1975).

However, the statements, if any, which comprised part of defendant's investigative file but which were *not* shown to plaintiff at the hearing are in a different posture. Because plaintiff's appeal of the Board's decision in the unfair labor practice hearing has not been exhausted, and, if successful, could result in a remand for further proceedings, those statements, yet undisclosed to plaintiff, could compose an open investigatory file within Exemption 7(A) as most recently construed. As such, it would likely not be subject to disclosures to any member of the public. Since any ruling on this question by this Court is premature pending plaintiff's appeal to the Sixth Circuit, this Court declines at this time to order the disclosure of statements not revealed to plaintiff at the unfair labor practice hearing in December 1975. Although the parties have cited no authority *pro* or *con* regarding whether part of an investigatory file can be disclosed and part not, such an

**456**

approach is not without precedent. *Ethyl Corp. v. E. P. A.*, 478 F.2d 47 (4 Cir. 1973); *Aircraft Engineering Corp. v. Renegotiation Board*, 138 U.S.App.D.C. 147, 425 F.2d 578 (1970). While the Court is aware of *Exxon Corp. v. F. T. C.*, 384 F.Supp. 755 (D.C.Cir. 1974), that case to the contrary is factually distinguishable and also is unsupported by case authority.

*Exemptions 7(C) and (D).* These exemptions relate to disclosures which would constitute an invasion of personal privacy or would disclose the identity of a confidential source. Exemption 7(C) is generally concerned with information much more commonly thought of as private. *See, Rural Housing Alliance v. U. S. D. A.*, 162 U.S. App.D.C. 122, 498 F.2d 73 (1974). Moreover, defendant's reliance on these exemptions is undermined by the fact that the hearing has already been held and the identities of the informant-employees disclosed to plaintiff. Therefore, given the facts in this case, this Court finds that these exemptions are unavailable to defendant.

Therefore, it is hereby ORDERED that the defendant provide copies of all written statements, signed or unsigned, which were disclosed to plaintiff at the unfair labor practice hearing relating to or upon which the Regional Director based the decision to issue the Complaint in Case No. 26–CA–5695–1 and the Report on Objections and Challenges in Case No. 26–RC–4862. None of the other materials in the investigative files are obtainable at this time. Plaintiff's Motion for Summary Judgment is therefore granted in part and denied in part, this opinion constituting the final judgment in this action.