**CLIMAX MOLYBDENUM COMPANY,
a division of Amax Inc., a New York
Corporation, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS
BOARD et al., Defendants.**

**Civ. A. Nos. 75–M–977, 75–M–1029.**

United States District Court,
D. Colorado.

Nov. 14, 1975.

William F. Schoeberlein and Charles W. Newcom of Dawson, Nagel, Sherman & Howard and Daniel R. Hale, Sr. Atty., Amax Inc., Law Dept., Western Area, Denver, Colo., for plaintiff.

Albert A. Metz, N. L. R. B., Region 27, Denver, Colo., and John Miller, Acting Gen. Counsel, N. L. R. B., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended, to order the production of documents by the National Labor Relations Board. At the hearing of this matter held on November 7, 1975, counsel for both parties stipulated and agreed that the documents sought are all related to an investigation of alleged unfair labor practices which has resulted in the scheduling of an Unfair Labor Practice Hearing on a complaint before the National Labor Relations Board, naming Climax Molybdenum Company as respondent. Essentially the request is for statements, notes, memoranda and other records of information obtained from witnesses interviewed in the course of that investigation. Counsel have agreed that there is no need for an *in camera* examination of these documents.

The defendants have refused this request upon the claim that the information sought is within the statutory exemptions in §§ 552(b)(7)(A), (C), (D) and § 552(b)(5). I hold that all of the requested material constitute investigatory records compiled for law enforcement purposes and that the production of such records would interfere with such enforcement proceedings. Accordingly, summary judgment should be entered for the defendants because of the exemption in 552(b)(7)(A).

The right of the plaintiff to receipt of the material sought must be considered to be the same as that of any other member of the public. That right is neither increased nor diminished by the fact that the plaintiff is the respondent in an enforcement proceeding. *N.L.R.B. v. Sears, Roebuck and Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1973).

The plaintiff contends that because the FOIA calls for disclosure of all non-exempt records and places the burden of establishing the exemption on the agency, the N.L.R.B. is required to produce evidence to show that in this particular case the requested disclosure would interfere with the specific enforcement proceeding involved. I disagree. The Freedom of Information Act must be considered with other federal statutes. The National Labor Relations Act and related statutes have established a clearly defined policy of establishing the National Labor Relations Board as the primary national governmental agency in the area of labor-management law. Under 29 U.S.C. § 160, the N.L.R.B. is empowered to prevent unfair labor practices affecting commerce. The board is expressly authorized to establish its own procedures for enforcement. The determination by the board that there can be no discovery of information or evidence in advance of the hearing on a charge of an unfair labor practice is a decision within the authority delegated to the N.L.R.B. *N.L.R.B. v. Automotive Textile Products Co.,* 422 F.2d 1255 (6th Cir. 1970); *N.L.R.B. v. Vapor Blast Manufacturing Co.,* 287 F.2d 402, 405–407 (7th Cir. 1961), *cert. denied,* 368 U.S. 823, 82 S.Ct. 42, 7 L.Ed.2d 28; *Raser Tanning Corp. v. N.L.R.B.,* 276 F.2d 80, 81–83 (6th Cir. 1960), *cert. denied,* 363 U.S. 830, 80 S.Ct. 1601, 4 L.Ed.2d 1524. The wisdom of that policy is not now before this Court. To hold that there should be no judicial intrusion into the board's determination that disclosure of its investigatory files would interfere with the enforcement proceeding relevant in this case is a consistent application of the policy expressed in the labor statutes. The appellate courts have cautioned federal district courts to avoid interference with N.L.R.B. proceedings. *Boire v. Greyhound Corp.,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1963); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 48–52, 58 S.Ct. 459, 82 L.Ed. 638 (1937); *Smith Steel Workers v. A. O. Smith Corporation,* 420 F.2d 1, 6–7 (7th Cir. 1969), and *Chicago Automobile Trade Association v. Madden,* 328 F.2d 766, 768–770 (7th Cir. 1964), *cert. denied,* 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747.

The adoption of the position of the plaintiff in this case would impose an intolerable burden on the federal district courts. The foreseeable result would be that every employer or union subject to an investigation by the N.L.R.B. would institute an FOIA action to seek discovery. The volume of such litigation coupled with the congressional mandate that such actions must be given precedence over all cases on the docket and expedited in every way would result in a very substantial impact on the trial capacity of these courts.

The other claims of exemption are inapplicable in this case. All of the persons interviewed in the course of an N.L.R.B. investigation are potential witnesses whose identity will ultimately be disclosed to a respondent if they are called to testify. I see no basis for considering such persons to be confidential sources within the meaning of exemption (7)(D). Moreover I see no invasion of personal privacy within the meaning of exemption (7)(C). Finally, because the material sought is factual material which comes from sources outside of the N.L.R.B., it cannot be considered to be within the scope of exemption 5. *EPA v. Mink,* 410 U.S. 73, 89, 93 S.Ct. 827, 35 L.Ed.2d 119 (1972); *Schwartz v. Internal Revenue Service,* 167 U.S.App.D.C. 301, 511 F.2d 1303, 1305 (1975). The recording of information given by witnesses outside of the agency is not within the scope of

an attorney's work-product and it is not pre-decisional matter within the scope of the governmental privilege recognized in that exemption.

Upon the conclusion that all of the information sought is exempt under 552(b)(7)(A), the defendants are entitled to a judgment of dismissal of this action. It is, therefore,

Ordered that the clerk shall enter a judgment of dismissal of the complaints and of these consolidated civil actions.