LOCAL 30, UNITED SLATE, TILE AND COMPOSITION ROOFERS, DAMP AND WATERPROOF WORKERS ASSOCIATION, AFL–CIO

v.

NATIONAL LABOR RELATIONS BOARD and Peter W. Hirsch, Regional Director National Labor Relations Board, Fourth Region.

Civ. A. No. 76–184.

United States District Court, E. D. Pennsylvania.

Feb. 11, 1976.

Richard B. Sigmond, Philadelphia, Pa., for plaintiff.

Jeffrey C. Falkin, Barry R. Elson, N.L.R.B., Philadelphia, Pa., for defendant.

## SUR PLEADINGS AND PROOF

LUONGO, District Judge.

This is a suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., in which plaintiff Union seeks disclosure by defendants of affidavits which formed the basis for unfair labor charges brought by defendants against Union. The charges were scheduled to be tried before the NLRB on February 4, 1976. The instant suit was instituted on January 26, 1976. Union sought a preliminary injunction requiring defendants to turn over the affidavits prior to the scheduled NLRB hearing, and further, sought to enjoin that hearing until a reasonable time after such disclosure. The motion for preliminary injunction was scheduled to be heard before me on January 31, 1976. Prior to that date Union applied to the NLRB for postponement of the Board hearing. The request was granted and the hearing was postponed from February 4, 1976 to March 8, 1976. At the request of the parties, hearing on the preliminary injunction motion was postponed from January 31 to February 6, 1976, to enable the parties to consider whether to submit the motion as on final hearing. On February 6, 1976, the parties submitted a Stipulation of Facts, together with a group of joint exhibits and requested that the matter be disposed of as promptly as possible, each side moving for summary judgment. At my suggestion the parties amended their request, and asked to have the matter heard as a trial on the merits. The parties asked for an early decision in order that appeal

could be filed before the date of the postponed hearing before the Board.

The facts, as stipulated by the parties, are:

1. Jurisdiction of this Court is properly invoked by virtue of the provisions contained in the Freedom of Information Act, 5 U.S.C. § 552(a)(4).

2. Plaintiff herein is Local 30, United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, AFL-CIO, an unincorporated labor organization within the meaning of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq., with its principal offices located at 6447 Torresdale Avenue, Philadelphia, Pennsylvania 19135.

3. The defendant is the National Labor Relations Board, an agency of the United States Government, designated by Congress, inter alia, to administer and enforce the provisions contained in the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 158, 159, etc. The Board has its principal offices at 1717 Pennsylvania Avenue, N. W., Washington, D. C. 20570, but maintains a Regional Office located at 4400 William J. Green, Jr. Federal Building, 600 Arch Street, Philadelphia, Pennsylvania 19106.

4. The defendant is Peter W. Hirsch, who is the Regional Director of Region IV of the National Labor Relations Board, with its principal offices located in the William J. Green, Jr. Federal Building, 600 Arch Street, Philadelphia, Pennsylvania 19106. Mr. Hirsch is the chief administrative officer of the Board's Fourth Region and, inter alia, functions as the local agent of the General Counsel for the National Labor Relations Board.

5. On or about May 16, 1973, an unfair labor practice charge was filed with Region IV of the National Labor Relations Board, and docketed as Case No. 4-CB-2127.

6. By order dated July 18, 1974, General Counsel of the National Labor Relations Board transferred to Region IV of

the Board that portion of the charge (now known as Case No. 4–CB–2281), containing allegations against the plaintiff and plaintiff's International Association.

7. Beginning with the period in or about May 16, 1973 and continuing to the present date, agents of the National Labor Relations Board, and specifically agents assigned to Region IV, engaged in an investigation of the charges against plaintiff; and in the process thereof, have obtained Affidavits in the course of investigation of the aforesaid charges.

8. On December 11, 1974, the defendant Peter W. Hirsch, acting for and on behalf of the National Labor Relations Board, issued a Complaint against plaintiff, charging plaintiff with having violated § 8(b)(1)(A) of the National Labor Relations Act. The issuance of this Complaint, and the factual allegations in support thereof, were based upon allegations of fact disclosed to the Board during the course of its investigation.

9. On or about December 27, 1974, an unfair labor practice charge was filed with Region IV of the National Labor Relations Board and docketed as Case No. 4–CB–2392.

10. Beginning with the period in or about December 27, 1974 and continuing to the present date; agents of the National Labor Relations Board, and specifically agents assigned to Region IV, engaged in an investigation of the charges against plaintiff; and in the process thereof, have obtained affidavits in the course of investigation of the aforesaid charge.

11. On September 30, 1975, the defendant Peter W. Hirsch, acting for and on behalf of the National Labor Relations Board, issued a Complaint against plaintiff, charging plaintiff with having violated § 8(b)(1)(A) of the National Labor Relations Act. The issuance of this Complaint, and the factual allegations in support thereof, were based upon allegations of fact disclosed to the Board during the course of its investigation.

12. On or about November 21, 1975, amended unfair labor practice charges in Case Nos. 4–CB–2127 and 2281 were filed with Region IV of the National Labor Relations Board.

13. Beginning with the period in or about November 21, 1975 and continuing to the present date, agents of the National Labor Relations Board, and specifically agents assigned to Region IV, engaged in an investigation of the charges against plaintiff; and in the process thereof, have obtained affidavits in the course of investigation of the aforesaid charges.

14. On January 20, 1976, the Acting Regional Director of Region IV issued an Amended Complaint against plaintiff, et al., consolidating cases 4–CB–2127, 4–CB–2281 and 4–CB–2392, adding additional allegations against plaintiff, and scheduling trial on the merits for February 4, 1976.

15. By letter dated November 25, 1975, counsel for the plaintiff, Bernard N. Katz, Esquire, made demand upon the defendants, pursuant to the provisions contained in the Freedom of Information Act, for all affidavits which the Region presently had in its file and which related to the above-noted litigation. Plaintiff duly offered to bear any expense in the reproduction of such documents.

16. By letter dated December 9, 1975, the defendant, Peter W. Hirsch, responded to Mr. Katz' letter by denying to produce for plaintiff's inspection and copying any affidavits obtained by the Board during its investigation of the charges.

17. By letter dated December 22, 1975, and in accordance with the rules and regulations of the National Labor Relations Board, plaintiff appealed the Regional Director's decision to General Counsel for the National Labor Relations Board.

18. On January 22, 1976, subsequent to the date of the filing of the instant Motion, General Counsel for the National Labor Relations Board denied plaintiff's appeal.

19. Plaintiff has exhausted all available avenues under existing Board rules and regulations in its effort to obtain copies of the aforenoted affidavits given to Board Agents in support of the charges against plaintiff.

20. Most, if not all, of the individuals who gave affidavits to the Board Agents will be called as witnesses on behalf of the Board at the trial scheduled for February 4, 1976.*

21. In its preparation for the February 4, 1976 * trial, the Board has substantially relied on the information contained in the affidavits and such information acted as the basis for the allegations contained in the Complaint issued against plaintiff.

The joint exhibits submitted as part of the record on final hearing include the exchange of correspondence through which Union exhausted its administrative remedies for seeking to obtain disclosure (Joint Exhibits 1–4), and the complaints and amended complaints dated December 11, 1974, September 30, 1975, and January 20 and 29, 1976, charging unfair labor practices (Joint Exhibits 5–9). The charging party in the complaints was Associated Builders and Contractors, Inc., which alleged that agents and representatives of Local 30 committed unfair labor practices on various dates in March and April 1973, on various dates in December 1974, and on or about November 12, 1975. The acts and practices complained of (see Amended Consolidated Complaint Joint Exhibit 8) included mass picketing; preventing employees from entering work sites; assaulting persons; damaging or destroying materials, property and equipment; chasing and pursuing employees from work sites; and threats to do bodily injury. The affidavits sought by plaintiff were obtained in the course of the investigation. Following investigation of the charging party's allegations, the complaints and amended complaints were filed.

In addition to the Stipulation of Facts and the joint exhibits, I requested, following the hearing, that defendants submit the affidavits to me for in camera inspection. Plaintiff Union interposed no objection to the request, indeed endorsed it, and the affidavits have been received and reviewed.

## DISCUSSION

It would be helpful, at the very outset, to state some applicable principles which will make this case more understandable and put it in proper perspective.

■ The problem arises because the NLRB's procedures permit pretrial discovery only on a showing of "good cause." 29 C.F.R. § 102.30. The NLRB's procedures have been held to be constitutional and not violative of due process. *NLRB v. Interboro Contractors, Inc.,* 432 F.2d 854, 857–58 (2d Cir. 1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971); *NLRB v. Vapor Blast Manufacturing Co.,* 287 F.2d 402 (7th Cir.), *cert. denied,* 368 U.S. 823, 82 S.Ct. 42, 7 L.Ed.2d 28 (1961). The district courts do not have jurisdiction to review decisions of the NLRB; that is the province of the Courts of Appeals. 29 U.S.C. § 160(e) and (f). *See Myers v. Bethlehem Shipbuilding Co.,* 303 U.S. 41, 48–49, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *Sears, Roebuck & Co. .v. NLRB,* 433 F.2d 210 (6th Cir. 1970).

The Freedom of Information Act generally makes available to the public, upon compliance with specified procedures, records of all government agencies. The Act contains enumerated exceptions set forth in § 552(b). In the event of failure of an agency to comply with a request for disclosure, the district courts are given jurisdiction to enjoin withholding. 5 U.S.C. § 552(a)(4)(B) provides:

"(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated,

* Continued to March 8, 1976.

or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter ·de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action."

■ The Freedom of Information Act is not a discovery tool. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1512, 44 L.Ed.2d 29, 42 (1975); *Williams v. Internal Revenue Service*, 345 ·F.Supp. 591, 594 (D.Del. 1972), aff'd, 479 F.2d 317 (3d Cir. 1973). It was enacted to inform the public about agency action, and a person's rights under the Act are neither increased nor decreased by the fact that he is a litigant before the agency from which he seeks information. *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974); *EPA v. Mink*, 410 U.S. 73, 79, 92, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).

At issue here is whether the affidavits sought fall within any of the enumerated exceptions to the Act. Defendants claim the right to withhold under Exemptions 5, 7(A), 7(C), and 7(D). Section 552(b) (Supp.1976) of the Act, as amended in 1974, provides in pertinent part:

"(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

\* \* \* \* \* \*

(7) investigatory records compiled for law enforcement purposes, but only to the· extent that the production of such records would (A) interfere with enforcement proceedings, . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source . . . ."

Defendants have asserted each of the above exemptions, but rely primarily on Exemption 7(A). The dispute as to the availability of Exemption 7 stems from the 1974 amendment. Prior to 1974, the Exemption applied to

"investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency."

A series of court decisions, particularly in the District of Columbia Circuit[1] interpreted that Exemption so broadly as to deny access to information in agency files simply because they were denominated investigatory, and extended the exemption to include files on closed matters as well as to files relating to matters as to which agency proceedings were neither pending nor contemplated. This led to the adoption in 1974 of the Amendment hereinabove quoted.

It is plaintiff's contention that the Amendment imposes upon the agency the burden to produce evidence that the information sought falls within one of the exempt categories, and that defendants here have failed to carry that burden. Plaintiff Union cites several district court opinions as supporting its contention: *Title Guarantee Co. v. NLRB*, 407 F.Supp. 498, 90 LRRM 2849 (S.D. N.Y.1975); *Deering Milliken, Inc. v. Nash*, 90 LRRM 3138 (D.C.S.C. Nov. 12, 1975); *Cessna Aircraft Co. v. NLRB*, 405 F.Supp. 1042, 90 LRRM 3339 (D.C.Kan. Dec. 2, 1975); *Hardeman Garment Corp. v. NLRB*, 91 LRRM 2055 (D.C.Tenn. Nov. 25, 1975); and *Kaminer v. NLRB*,

---

1. *See, e.g., Center for National Policy Review v. Weinberger*, 163 U.S.App.D.C. 368, 502 F.2d 370 (1974); *Weisberg v. Dept. of Justice*, 160 U.S.App.D.C. 71, 489 F.2d 1195 (1973), *cert. denied*, 416 U.S. 993, 94 S.Ct. 2405, 40 L.Ed.2d 772 (1974).

90 LRRM 3338 (D.C.Mass. Sept. 23, 1975).

None of the cases cited by plaintiff Union offers persuasive precedent as to the matter before me.

In *Title Guarantee*, the unfair labor charge levelled against the employer was refusal to bargain with the Union. The employer, Title Guarantee, sought the production of all written statements and reports of interviews of witnesses offered by the charging party, Union. The Board denied the requests citing Exemptions 5, and 7(A), (C) and (D). The court concluded that Exemption 5 was not applicable since it does not cover statements of witnesses; that 7(C), invasion of privacy, did not extend to include the "right to select the people to whom . . . (one) will communicate his ideas," as contended by the Board; and that as to 7(D), confidential source, there was no evidence that the material sought was elicited after an express assurance of confidentiality. As to the 7(A) claim, interference with the enforcement proceedings, after an in camera inspection of the material in question, the court concluded that the claim could not be sustained on the general contention that disclosure would interfere with enforcement proceedings by cutting off information from members of the public who would be reluctant to volunteer information if they knew that their names or the information would be revealed.

*Deering Milliken* involved back pay proceedings following a finding of an unfair labor practice in closing a plant. The sole issue before the Board was the loss of earnings and other expenses incurred by the employees as a result of the unlawful plant closing. A sample of the voluminous documents was submitted to the court for in camera inspection. The court upheld the 7(C), invasion of privacy, exemption for a number of the documents because of the personal nature of the information, but rejected the 7(D), confidential source, claim because it has not been shown that the information was elicited with an assurance of confidentiality, and finally, re-

jected the 7(A) claim, concluding that there had not been, and could not be, any showing that disclosure of the documents would harm or interfere with the back pay proceeding. The court there emphasized that the sole issue was the accuracy of the Board computations of the actual losses of the discriminatees and that disclosure could only *help* the Board in making accurate computations.

Neither *Cessna* nor *Hardeman Garment Corp.* reveals the nature of the unfair labor practice charge against the respective employers. In *Cessna* the court simply stated that in camera review of the statements of the two witnesses revealed that they were not exempt under 7(A), (C), or (D). In *Hardeman Garment* the court stated only that the Board had not shown that it would be harmed by disclosure of the affidavits. The court ordered the affidavits produced for in camera inspection, indicating that it would afford to the Board, after the court had conducted such inspection, the opportunity to set forth the specific harm that would result from disclosure.

Finally, *Kaminer* holds only that if a 7(D) claim of confidential source is sustained, segregable portions may be ordered disclosed after deletions of exempt material.

Plaintiff Union argues that the above cited cases support its view that the 1974 amendment has caused a complete turnabout in the availability of material contained in investigatory files. Whereas, prior to the amendment, agencies were permitted to withhold everything in a file labelled "investigatory," it contends that following the amendment "the *burden is now on the Agency to produce* evidence justifying an exemption" and the Act now "places an affirmative burden on the Board to *prove*, by hard evidence, that disclosure will interfere with enforcement proceedings." (pp. 7–8 Plaintiff's Memorandum. Emphasis in original.)

Defendants take the position that the amendment did not effect a radical departure from prior law, that the legislative history reveals the intention only to

correct the abuses of a few court rulings extending the exemption to files in which there were no charges either pending or contemplated. (*See* 120 Cong.Rec.S. 9329–31 (Daily ed. May 30, 1974)) The Agency contends that with respect to open cases, the seventh exemption is fully applicable without a specific showing of harm, that the object of 7(A) is to prevent premature discovery in an enforcement proceeding.

The Agency cites *Climax Molybdenum Co. v. NLRB*, 407 F.Supp. 208, 90 LRRM 3120 (D.Colo., 1975), and *Mylan Pharmaceuticals, Inc. v. NLRB*, 407 F.Supp. 1124, C.A. No. 76–79 (W.D.Pa., Jan. 28, 1976), as supporting its contention that it need show nothing more than that proceedings are pending in order to render contents of an investigatory file exempt under 7(A). It is difficult to tell from the cryptic opinion in *Climax*, upon which *Mylan* heavily relied, whether the court there intended to go that far. For reasons which will hereafter appear, it is not necessary for me to decide whether the Agency carries its burden simply by showing that proceedings are pending.

█ I do not consider it necessary to go into an extended discussion, as several courts have done,[2] of the legislative history of the 1974 amendment and the extent to which the amendment changed Exemption 7. In the factual setting *of this case*, the Agency has established to my satisfaction that revealing the information sought would interfere with enforcement proceedings within the meaning of 7(A).

As noted above, in the cases on which plaintiff Union relies, either (1) the court's opinion was silent as to the nature of the unfair labor charges, or (2) the charges were such that pretrial revelation would clearly not harm or interfere with the enforcement proceedings, or (3) the court, after in camera inspec-

tion of statements relating to unspecified charges, concluded that the statements did not come within any of the claimed exemptions.

In contrast, the record before me reflects charges of numerous and repeated acts of violence allegedly committed by agents and representatives of Union over a period of time extending from March 1973 to November 1975 at several work sites. In camera inspection of the affidavits in the investigatory file reveals that they relate to the specific charges contained in the complaints against Union, namely destruction of material, property and equipment; assaults on various persons; threats of bodily harm; preventing persons from entering work sites; chasing and pursuing persons from work sites, etc. It is fair to infer, and I do so, that to reveal affidavits containing such information in advance of hearing creates a substantial danger that such witnesses may be intimidated, or that they may be otherwise caused to become reluctant to testify. I conclude, therefore, that the Agency has carried the burden to establish that the affidavits sought are part of an investigatory file, and that production would interfere with pending enforcement proceedings and accordingly, the affidavits are exempt under § 552(b)(7)(A).

Under the Board's procedures, the affidavit of any person who testifies will be made available to plaintiff after the witness has given his testimony on direct examination.[3] NLRB Rules & Regulations, 29 C.F.R. § 102.118(b). *See Manbeck Banking Co.*, 130 NLRB 1186, 1189–90 (1961). It has been stipulated that most, if not all, of the affidavits sought were given by persons who will be called to testify at the hearing. Once the witness has testified, disclosure of the affidavit will no longer have the potential to interfere with that hearing, or to prejudice the NLRB's ability to gather affidavits for other proceedings. The justifi-

**2.** See, e.g., *Deering Milliken, Inc. v. Nash*, 90 LRRM 3138 (S.D.N.Y. Nov. 12, 1975); *Title Guarantee Co. v. NLRB*, 407 F.Supp. 498, 90 LRRM 2849 (S.D.N.Y.1975).

**3.** Similar to the rule obtaining in criminal cases under the Jencks Act, 18 U.S.C. § 3500.

cation for the Board's withholding of the affidavits will at that time disappear. But the fact that the plaintiff will receive, and will be entitled to receive, the affidavits after the witnesses have testified is *not* the basis for my decision: I am *not* ruling that the Agency's eventual disclosure of the affidavits makes the present withholding permissible under the FOIA; I am simply ruling that the affidavits are excluded from the FOIA under § 552(b)(7)(A) because disclosure would interfere with pending enforcement proceedings.

 Since I have upheld the exemption under 7(A) it is not necessary to discuss the other claimed bases of exemption. Nevertheless, I note that I am in general agreement with those cases holding that Exemption 5 was not designed for factual matters, but rather for inter or intra agency memoranda expressing opinions. *See EPA v. Mink,* 410 U.S. 73, 89, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Soucie v. David,* 145 U.S.App. D.C. 144, 448 F.2d 1067, 1077 (1971); *Title Guarantee Co. v. NLRB,* 407 F.Supp. 498, 90 LRRM 2849, 2851 (S.D.N.Y. Oct. 10, 1975). As to Exemption 7(C) and 7(D), I agree also with those rulings limiting the right of privacy claim to personal matters, and limiting the 7(D) claim to those cases in which information was elicited after an express assurance of confidentiality. My in camera inspection of the affidavits reveals no basis for exemption under either 7(C) or 7(D).

The foregoing shall constitute findings of fact and conclusions of law to the extent required under Rule 52(a).

ORDER

This 11th day of February, 1976, it is
Ordered that Judgment be and is hereby entered in favor of defendants, National Labor Relations Board and Peter W. Hirsch, Regional Director, National Labor Relations Board, Fourth Region.