JOSEPH HORNE CO., a Division of Associated Dry Goods Corporation, Plaintiff,

v.

NATIONAL LABOR RELATIONS BOARD, Defendant.

Civ. A. No. 77–642.

United States District Court, W. D. Pennsylvania.

Sept. 21, 1978.

1384

Harold Weinrich, New York City, Edward J. Van Allen, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for plaintiff.

Aileen A. Armstrong, Asst. Gen. Counsel for Special Litigation, Washington, D. C., Charles B. Slaughter, Regional Atty., Region 5 N. L. R. B., Baltimore, Md., Edward A. Grupp, Regional Atty., Region 6 N. L. R. B., Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

COHILL, District Judge.

Plaintiff, Joseph Horne Company, filed this action pursuant to the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, following the refusal of the defendant, National Labor Relations Board ("NLRB" or "Board") to supply plaintiff with copies of specified documents from a case which the Board had closed (Case No. 5–cb–1352).

Jurisdiction is invoked pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701 *et seq.* and 28 U.S.C. § 1651.

Presently before us are cross motions for summary judgment. The underlying facts are not in dispute, and both plaintiff and defendant in their respective motions for summary judgment assert that each is entitled to a favorable judgment as a matter of law. We heard oral arguments on these motions and received briefs from all parties. We have completed our *in camera* inspection of certain documents which we requested at the oral argument.

Plaintiff seeks these documents to assist it in preparation for filing an unfair labor practice charge with the Board involving similar issues, averring that it seeks to ascertain, via these documents, the Board's basis for determining that merit existed in the claim asserted in the closed file and the facts underlying that determination.

The Board avers that the documents plaintiff requests are exempt from disclosure under 5 U.S.C. § 552(b)5 and 7(A), (C) and (D).

The FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11, 21 (1976). Disclosure rather than secrecy is the basic objective of the Act. The exemptions to disclosure contained in 5 U.S.C. § 552(b) (and invoked by the Board here) must therefore be narrowly construed to permit the maximum possible access by individuals to information gathered by government agencies consonant with the overall purpose of the Act. *Hartman v. Alexander,* W.D.Pa., C.A. 76–1321 (November 17, 1977).

Consequently, under the FOIA, the agency seeking to deny access and disclosure has the burden "to prove de novo in trial court that the information sought fits under one of the exemptions." *Vaughn v. Rosen,* 157 U.S.App.D.C. 340, 343, 484 F.2d 820, 823 (1973); *Committee on Masonic Homes, Etc. v. N. L. R. B.,* 556 F.2d 214 (3d Cir. 1977); 5 U.S.C. § 552(a)(4)(B). The applicability of an exemption is not to be determined on the basis of the identity of the plaintiff, the label given to the file or document, or the isolated fact that the information may aid a party in other litigation. *Kanter v. Internal Revenue Service,* 433 F.Supp. 812 (N.D.Ill.1977). The only relevant inquiry is a consideration of whether the exemptions claimed by the agency factually apply to the withheld document. *Hartman v. Alexander, supra.*

As previously indicated, the Board contends that the material sought by plaintiff is exempt under any one of four exemptions set forth in the Act. The first exemption relied on by the Board, 5 U.S.C. § 552(b)(5), provides as follows:

"(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;"

The remaining three exemptions relied on by the Board are contained in 5 U.S.C. § 552(b)(7)(A), (C) and (D), which read as follows:

"(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, . . . (C) constitute an unwarranted invasion of personal

privacy, (D) disclose the identity of a confidential source . . . ."

Of the eighty-one documents requested by plaintiff, only thirteen are still at issue. These include Board agents' notes, affidavits, two photographs and Board memoranda.

### Exemption 7(A)

■ Exemption 7(A) provides for nondisclosure of investigatory records where disclosure would "interfere with enforcement proceedings." In the file in question, the Board did not issue a complaint and a settlement was instituted. A determination by the Board not to file an unfair labor practice complaint is final and not reviewable. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 155, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The Third Circuit has decided that "law enforcement purposes" must relate to some formal type of proceeding, and one that is pending. *Committee on Masonic Homes, supra.*

■ There are no enforcement proceedings pending, none are contemplated, and a literal reading of Exemption 7(A) would indicate that that particular exemption has no applicability to the present case. *See Poss v. NLRB,* 565 F.2d 654 (10th Cir. 1977).

### Exemption 7(C)

■ The Board claims that Exemption 7(C) protects the documents in question *from disclosure as such disclosure would* constitute an unwarranted invasion of personal privacy. In adding this language in the 1974 amendments, Congress sought to "make clear that the protections in the sixth exemption for personal privacy also apply to disclosure under the 7th exemption." Source book: Freedom of Information Act and Amendments of 1974 at 349 Joint Committee Print, 94th Congress, 1st Session (1975). Exemption 6 states that "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" do not have to be disclosed. Since Exemption 7 echoes Exemption 6,

cases which determine what type of matters are exempt under Exemption 6 are applicable to Exemption 7. *Title Guarantee Company v. NLRB,* 534 F.2d 484, 489 n. 10 (2d Cir. 1976). We are in agreement with the cases which have held this exemption applicable to matters commonly thought of as private, such as information concerning marital status, legitimacy of children, medical conditions, welfare payments, family fights, etc. *See Rural Housing Alliance v. Department of Agriculture,* 162 U.S.App. D.C. 122, 498 F.2d 73 (1974); *Wine Hobby U. S. A. v. IRS,* 502 F.2d 133 (3d Cir. 1974); *Mylan Pharmaceuticals, Inc. v. NLRB,* 407 F.Supp. 1124 (W.D.Pa.1976); *Local 30, United Slate, Tile, etc. v. NLRB,* 408 F.Supp. 520 (E.D.Pa.1976). We have examined the material in question and have found no matters relating to personal privacy which should be protected under Exemption 7(C).

### Exemption 7(D)

Exemption 7(D) provides in essence that documents are exempt from disclosure if their production would disclose the identity of a confidential source. The legislative history explains that the identity of a person furnishing information "may be protected if the person provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred," House of Representatives, 93d Congress, 2d Session, Conference Report No. 93–1380, Freedom of Information Act Amendments reprinted in Joint Committee Print, 94th Congress, 1st Session, Freedom of Information Act and Amendments of 1974 (P.L. 93–502) at 230.

The Board maintains that an implied promise of confidentiality was given each of the affiants who made the statements comprising many of the documents in question. N.L.R.B. Case Handling Manual, Part 1, § 10058.4 states that Board agents should assure affiants that the information furnished by them will remain confidential unless and until they are called upon to give testimony at a formal hearing. The Board

claims to have a reasonable fear that their channels of information will dry up if employees cannot come forward with information with the promise of confidentiality and freedom from intimidation.

██ None of the affiants in the documents in question is, in our view, a "confidential source," at least not in the traditional sense of the term. The possibility of being called to testify at a formal hearing is inapposite to confidentiality. In this regard, we will follow the ruling of the court in *Mylan Pharmaceuticals, Inc. v. NLRB,* 407 F.Supp. 1124, 1127 (W.D.Pa.1976). *In Mylan* the court approved the rationale expressed in *Climax Molybdenum Company v. NLRB,* 407 F.Supp. 208 (D.Colo.1975), aff'd, 539 F.2d 63 (10th Cir. 1976):

> "The other claims of exemption are inapplicable in this case. All of the persons interviewed in the course of an N.L.R.B. investigation are potential witnesses whose identity will ultimately be disclosed to a respondent if they are called to testify. I see no basis for considering such persons to be confidential sources within the meaning of Exemption (7)(D). . . ." 407 F.Supp. at 209.

██ We do not believe that the goals of the Act will be effectuated if the Board can prevent disclosure by arbitrarily labeling affiants as confidential sources.

### Exemption 5

██ The fifth exemption bars application of the Act to matters that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 522(b)(5). This exemption embodies two common law privileges for government memoranda; first, it preserves in the FOIA context the "executive privilege" protecting predecisional communications, and, second, it preserves the attorney-work product privilege. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). The executive privilege entitles an agency to withhold from disclosure "intra-agency advisory opinions," and other information

reflecting "deliberative or policymaking processes." *EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed. 119 (1973). Exemption 5 does not exempt post decisional memoranda or final opinions which serve merely to explain a decision already made. *See Sears, supra.* The *"Sears"* court observed that Exemption 5 "clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." *Sears,* 421 U.S. at 154, 95 S.Ct. at 1518. It also applies to the mental impressions, conclusions, opinions or legal theories of the general counsel's attorneys and other representatives. *See* Fed.R.Civ.P. 26(b)(3).

The Board maintains that all of the documents in question do not have to be disclosed due to Exemption 5.

██ Exemption 5 requires different treatment for materials reflecting deliberative or policymaking processes on the one hand, and purely factual, investigative matters on the other. *EPA v. Mink, supra.* As Exemption 5 does not protect from disclosure purely factual materials, which are in no way deliberative or advisory, we adopt and will follow the rulings of courts holding that Exemption 5 does not protect from disclosure statements taken from witnesses interviewed by N.L.R.B. field examiners. *Poss v. NLRB,* 565 F.2d 654 (10th Cir. 1977); *Marathon Le Tourneau Co. v. NLRB,* 414 F.Supp. 1074 (S.D.Miss.1976). The Board will have to disclose the affidavits in question—documents 16, 17, 17A, 18, 19, 21, and 27. Likewise, the photographic exhibits—9 and 81—are factual by their nature, are analogous to statements of witnesses, and are therefore not within Exemption 5.

██ Document No. 52 consists of two pages of a Board agent's handwritten notes captioned "Memo to file." This appears to be a factual report of a conversation which is within the scope of Exemption 5 as it reflects the policymaking processes of the agency.

██ Document No. 5 consists of five pages of a Board agent's handwritten notes. This consists of file notes and investigative

notes prepared by a Board agent which reflect the deliberative process of the agent in investigating the matter in question. They are intra-agency memoranda protected by Exemption 5. *Marathon Le Tourneau Co. v. NLRB,* 414 F.Supp. 1074 (S.D. Miss.1976).

 Document No. 47 is a May 8, 1973 memorandum from a Board agent to the Regional Director commenting on the charging party's appeal from the Regional Director's decision not to issue a complaint and is within the intended protection of Exemption 5. Document No. 46 is a May 9, 1973 memoranda from the Regional Director to the General Counsel's Office of Appeals, transmitting the file and commenting on the charging party's appeal. These documents fall within the scope of Exemption 5 as intra-agency memoranda and do not have to be disclosed. They are advisory memoranda and not final opinions as the Regional Director's decision not to file a complaint had been appealed to the General Counsel who then had the responsibility of making the unreviewable decision to file or not to file a complaint. *See Sears, supra.*

### ORDER

AND NOW, to-wit, this 21st day of September, 1978, having received Motions for Summary Judgment from the plaintiff, Joseph Horne Company, and from the defendant, National Labor Relations Board, and after oral argument and in accordance with the accompanying opinion, IT IS ORDERED AND DECREED that the cross-motions for summary judgment are each granted in part and denied in part according to the accompanying opinion and summary judgment is granted as to the entire complaint.

IT IS FURTHER ORDERED AND DECREED that defendant, National Labor Relations Board, make available to plaintiff, Joseph Horne Company, documents numbered 9, 16, 17, 17A, 18, 19, 21, 27, and 81 as those must be disclosed under the Freedom of Information Act, 5 U.S.C. § 552. Documents numbered 5, 46, 47 and 52 need not be disclosed for the reasons set forth in the accompanying memorandum.