R. Eddie WAYLAND, Plaintiff,

v.

NATIONAL LABOR RELATIONS BOARD, National Labor Relations Board, Region 5: Louis J. D'Amico, Regional Director: Mary M. Shanklin, Director, Office of Appeals, Defendants.

No. 3–85–0553.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 11, 1986.

Matthew C. Lonergan, R. Eddie Wayland, King, Ballow & Little, Nashville, Tenn., for plaintiff.

Aileen A. Armstrong, Asst. Gen. Counsel for Special Litigation N.L.R.B., Susan T. Papadopoulos, Washington, D.C., for defendants.

## MEMORANDUM

WISEMAN, Chief Judge.

Plaintiff, Eddie Wayland, brings this action against defendants, the National Labor Relations Board ("NLRB"); Louis D'Amico, NLRB Region 5 Director; and Mary Shanklin, Director of the NLRB General Counsel's Office of Appeals, seeking disclosure of certain documents pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. The documents plaintiff seeks relate to two closed unfair labor practice cases. Defendants contend that the materials sought are exempt from dis-

closure under FOIA exemptions 5, 7(A), (C), and (D). 5 U.S.C. § 552(b)(5), 7(A), (C), (D). The parties have filed cross motions for summary judgment. Jurisdiction has been conferred on this Court by 5 U.S.C. § 552(a)(4)(B).

The facts are undisputed. On January 8, 1985, plaintiff filed a request for documents contained in two unfair labor practice case files with the NLRB pursuant to the provisions of FOIA. Both cases involved charges filed by the Baltimore Newspaper Graphic Communications Union, Local 31. The union subsequently withdrew both the charges, and the cases were closed at the time plaintiff filed his request. By letter dated January 25, 1985, the NLRB Regional Director released copies of several documents, and withheld others. By letter dated March 12, 1985, the NLRB's Regional Counsel denied plaintiff's appeal seeking the withheld documents. On May 3, 1985, plaintiff filed the present action seeking to compel disclosure of the withheld documents. The NLRB's Assistant General Counsel for Special Litigation subsequently released copies of a few documents found to be erroneously withheld.

Defendants have filed a "*Vaughn* Index of Documents Withheld" describing each document and the applicable FOIA exemptions invoked. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* Index reveals that the following 25 documents have been withheld: three witness statements or affidavits given to a Board examiner in connection with the investigation of the unfair labor practice charges; one casehandling chronology recorded by the investigating Board examiner; two logs of Board investigator's contacts; seven sets of handwritten notes by Board examiners or their supervisors concerning evidence gathered by investigation; seven documents containing summary reports and/or agenda outlines which discuss and analyze the relevant evidence acquired by investigation and recommend a particular course of action be taken by the Region; the draft and confirmation copy of a mailgram from the Board exam-

iner to a witness; a handwritten list of questions to be addressed to a particular witness; and two letters.

■■■ The FOIA requires disclosure of requested material in the possession of a federal agency unless that material falls within one of the nine statutory exemptions structured to protect specified confidentiality and privacy interests. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220–21, 98 S.Ct. 2311, 2316, 57 L.Ed.2d 159, 165–66 (1978). These statutory exemptions are to be narrowly construed with all doubts resolved in favor of disclosure. *Department of the Air Force v. Rose*, 425 U.S. 352, 361–62, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11, 21 (1976). The agency resisting disclosure bears the burden of establishing the exempt status of the requested material, 5 U.S.C. § 552(a)(4)(B); *EPA v. Mink*, 410 U.S. 73, 79, 93 S.Ct. 827, 832, 35 L.Ed.2d 119, 128 (1973), and is required to present a detailed justification for nondisclosure in order to carry its burden. *See Parke, Davis & Co. v. Califano*, 623 F.2d 1, 7 (6th Cir.1980). The FOIA provides for *de novo* judicial review of an agency's determination to withhold requested material. 5 U.S.C. § 552(a)(4)(B). *Mink*, 410 U.S. at 79, 93 S.Ct. at 832, 35 L.Ed.2d at 128.

### *Exemption 5*

The NLRB claims that several of the requested documents are protected from disclosure by exemption 5. Exemption 5 permits an agency to withhold:

> inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency

5 U.S.C. § 552(B)(5). Exemption 5 has been held to encompass recognized civil discovery privileges, *FTC v. Grolier, Inc.*, 462 U.S. 19, 26, 103 S.Ct. 2209, 2214, 76 L.Ed.2d 387, 393 (1983), and the deliberative process, or "executive," privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–51, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29, 47–48 (1975).

### A. *Witness Statements*

Defendants argue that the witness statements (*Vaughn* Index Nos. 3, 11, 12) fall within the attorney work product privilege and/or the deliberative process privilege. In *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29, 49 (1975), the Supreme Court ruled that "memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy" constitute attorney work product which is protected from disclosure by exemption 5. The Court also explained that exemption 5 includes the deliberative process privilege which encompasses predecisional documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." 421 U.S. at 150, 95 S.Ct. at 1516, 44 L.Ed.2d at 47.

Most courts have held that witness statements obtained by NLRB employees are not protected from disclosure by exemption 5, either because they do not constitute "memorandums or letters," *see Poss v. NLRB*, 565 F.2d 654, 659 (10th Cir.1977); *Baptist Memorial Hospital v. NLRB*, 92 LRRM 2645 (W.D.Tenn.1976), or because they contain purely factual, investigative material that is not inextricably interwined with deliberative material. *See Associated Dry Goods Corp. v. NLRB*, 455 F.Supp. 802, 809 (S.D.N.Y.1978); *Joseph Horne Co. v. NLRB*, 455 F.Supp. 1383, 1387 (W.D.Pa. 1978); *Marathon LeTourneau Co. v. NLRB*, 414 F.Supp. 1074, 1080 (S.D.Miss. 1976); *Amerace Corp. v. NLRB*, 431 F.Supp. 453, 455 (W.D.Tenn.1976).

■■ With respect to the work product privilege, the Court concludes that the NLRB has not shown that these witness statements are other than an objective reporting of facts, and thus do not reflect the attorney's theory of the case and his litigation strategy. Similarly, the Court concludes that the NLRB has not shown that disclosure of the witness statements would reveal the internal deliberative processes of the agency. Moreover, the Court does not consider the witness statements to be inextricably intertwined with deliberative material merely because the choice of facts re-

ported or of questions asked necessarily reveal the reporter's viewpoint. *See Powell v. United States*, 584 F.Supp. 1508, 1519 (N.D.Calif.1984). Thus, the Court concludes that even if the witness statements are considered to be "memorandums or letters," they do not come within exemption 5.

## B. *Summary Reports*

■ Defendants also argue that the summary reports qualify for the deliberative process privilege. Defendants state that these reports are prepared by an NLRB examiner for the Regional Director and contain a summary of the relevant evidence gathered during the investigation along with a recommended course of action. The Court concludes that these pre-decisional documents fall within the scope of the deliberative process privilege as described in *Sears*. They contain recommendations and, according to defendants, serve as a basis for discussion in the course of the Regional Director's decision whether or not to issue a complaint. Accordingly, the summary reports (*Vaughn* Index Nos. 7–9, 22–25) are exempt from disclosure under exemption 5.

## C. *Other Documents*

■ Defendants contend that the remaining documents are so closely related to the witness statements that they should be exempt from disclosure for the same reasons they argued that the statements were exempt. With respect to the Board Examiner's list of questions to be addressed to a specific witness and a mailgram enlisting cooperation from a witness (*Vaughn* Index Nos. 16, 17, 20), the Court concludes that these documents are not exempt from disclosure under exemption 5 for the same reasons that the witness statements were held to be nonexempt. The NLRB has not shown that either of these documents reflect an attorney's theory or litigation strategy under the work product privilege, or that they reflect the deliberative processes of the agency.

■ The description of the remaining documents—handwritten notes, a letter, a casehandling chronology, and logs of investigator's contacts—by the NLRB is insufficient to allow the Court to consider the applicability of exemption 5 to these documents. In this regard, the Court notes that courts considering the exempt status of notes promulgated by NLRB personnel find, depending on the content and context in which the notes were promulgated, that some notes fall within the deliberative process privilege, and others consist of purely factual accounts of witness interviews that are disclosable. *See e.g., Poss v. NLRB*, 565 F.2d 654, 659 (10th Cir.1977); *Associated Dry Goods Corp. v. NLRB*, 455 F.Supp. 802, 811 (S.D.N.Y.1978); *Joseph Horne Co. v. NLRB*, 455 F.Supp. 1383, 1387–88 (W.D. Pa.1978). Defendants' description of these documents is conclusory, and fails to disclose how these documents fit into the deliberative process, "whether it is an essential element of that process or possibly a peripheral item which just 'beefs up' a position with cumulative materials." *Parke, Davis & Co. v. Califano*, 623 F.2d 1, 6 (6th Cir.1980). The FOIA puts the burden on the agency to show that these documents qualify for exempt status. 5 U.S.C. § 552(a)(4)(B). Thus, the Court will require defendants to submit affidavits, or other materials, which contain a more detailed description of the content of these documents and how they fit into the deliberative process. Defendants are to file their submissions within ten days after entry of this Order, and plaintiff will be given ten days to respond to defendants' submission after it has been filed. Accordingly, the Court will reserve decision on the exempt status of these documents until the parties have filed their submissions.

## *Exemption 7(A)*

### A. *Witness Statements*

The NLRB contends that several of the documents are protected from disclosure by exemption 7(A), which permits the withholding of "investigatory records compiled for law enforcement purposes" the production of which would "interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). In *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 236, 98 S.Ct. 2311, 2324, 57 L.Ed.2d 159, 175 (1978), the

Supreme Court held that witness statements obtained for use in pending unfair labor practice proceedings are exempt from disclosure under 7(A), at least until completion of those proceedings. The Court reasoned that disclosure of the statements presented a risk that employers or unions may coerce or intimidate potential witnesses before they are able to testify at the hearing. 437 U.S. at 239–41, 98 S.Ct. at 2325–26, 57 L.Ed.2d at 176–78. In addition, the Court noted that potential witnesses may be reluctant to give statements to NLRB investigators absent assurances that their statements will not be disclosed until completion of the proceedings. *Id.*

 Although the Supreme Court has not addressed this issue, most courts hold that these concerns are not applicable to witness statements contained in closed NLRB files, unless those statements are related to another specific, concrete proceeding. *See Van Bourg, Allen, Weinberg & Roger v. NLRB,* 751 F.2d 982, 985 (9th Cir.1985); *Poss v. NLRB,* 565 F.2d 654, 657–58 (10th Cir.1977); *Stroock & Stroock & Lavan v. NLRB,* 106 LRRM 2553, 2554–56 (S.D.N.Y.1981); *Trustees of Boston University v. NLRB,* 105 LRRM 2159, 2161–62 (D.Mass.1980); *Nemacolin Mines Corp. v. NLRB,* 467 F.Supp. 521, 522–24 (W.D.Pa.1979); *Associated Dry Goods Corp. v. NLRB,* 455 F.Supp. 802, 811–13 (S.D.N.Y.1978); *Joseph Horne Co. v. NLRB,* 455 F.Supp. 1383, 1386 (W.D.Pa. 1978). The Court is persuaded by the reasoning of these courts and notes that the NLRB has not shown that disclosure of these statements would interfere with a specific proceeding that is currently pending. Thus, the Court concludes that the witness statements are not exempt under 7(A).

### B. *Other Documents*

Defendants appear to argue that the Court's decision concerning the exempt status of the witness statements is determinative of the disclosure of the remaining documents. Thus, the Court concludes that none of the requested documents are exempt from disclosure under exemption 7(A).

### *Exemption 7(B)*

 In their *Vaughn* Index, defendants have listed exemption 7(B) as one of the exemptions claimed for the draft of a mailgram enlisting further cooperation from a witness (Index No. 16). Exemption 7(B) exempts from disclosure investigatory records the production of which would "deprive a person of a right to a fair trial or an impartial adjudication." 5 U.S.C. § 552(b)(7)(B). It appears to the Court that the listing of this exemption may have been a typographical error on the defendants' part because they do not address the applicability of this exemption in their brief. In any event, the Court concludes that defendants have not shown that disclosure of the mailgram would deprive an individual of a fair trial or impartial adjudication. Thus, the mailgram is not exempt from disclosure under 7(B).

### *Exemption 7(C)*

 Exemption 7(C) permits withholding of investigatory records the production of which would "constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In determining whether a particular disclosure represents an unwarranted invasion of privacy, the Court must balance the individual's privacy interest against the public interest in disclosure. *See Kiraly v. FBI,* 728 F.2d 273, 277 (6th Cir.1984). Exemption 7(C) permits nondisclosure of the type of highly personal data normally found in a personnel file. *Department of the Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11, 27 (1976). Defendants contend that disclosure of several of the withheld documents would constitute an unwarranted invasion of personal privacy because they reveal the identity of those providing information to the agency during its investigation, those individuals' home address and telephone numbers, various employees' wage rates, and references to an employee's job performance and personnel action affecting that employee. The identity of those making witness statements, their home addresses and telephone numbers are

more appropriately considered under exemption 7(D).

██ With respect to the information concerning employee wage rates, job performance and personnel action, the Court notes that information of this type would typically be found in a personnel file, and concludes that employees have a legitimate privacy interest in this type of information. *See Department of the Air Force v. Rose, supra,* 425 U.S. at 377, 96 S.Ct. at 1606, 48 L.Ed.2d at 30 (results of examinations and evaluations of work performance); *Associated Dry Goods Corp. v. NLRB, supra,* 455 F.Supp. at 815 (employee wage rates). Although the Sixth Circuit in *Akron Standard v. Donovan,* 780 F.2d 568 (6th Cir. 1986), required disclosure of information pertaining to an employee's job performance, the court noted that much of that information had already been disclosed during a prior public proceeding. *Akron Standard, supra,* at 572. Thus, the Court does not consider the *Akron Standard* decision as controlling in the instant case. Plaintiff has asserted no countervailing public interest in disclosure of this information. Accordingly, the Court directs defendants to redact the portions of the withheld documents concerning this information. (*Vaughn* Index Nos. 11, 12, 14, 19, 20, 21).

### Exemption 7(D)

██ Defendants argue that several of the withheld documents are exempt from disclosure under exemption 7(D), which allows information in investigatory files to be withheld if production would "disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D). In order to establish that an individual who provides information to an agency is a confidential source, the agency must show that the information was given either "under an express promise of confidentiality or in circumstances under which such an assurance could be reasonably inferred." *L & C Marine Transport, Ltd. v. United States,* 740 F.2d 919, 923–24 (11th Cir.1984) (quoting Conf. Rep. No. 93–1380, 93rd Cong., 2nd Sess. 13 (1974)). The NLRB claims that the following statement appeared at the beginning of each witness statement withheld:

> I have been given assurances by an agent of the National Labor Relations Board that this affidavit will be considered confidential by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the affidavit in a formal proceeding. · Upon the closing of this case, the affidavit may be subject to disclosure only in accordance with Agency policy.

Defendant's Memorandum at 20–21. Based on this language, the Court concludes that the witnesses were given an express assurance of confidentiality.

With respect to witness statements contained in closed files, courts appear to be in disagreement as to whether these statements should be disclosed even if an express or implied assurance of confidentiality has been given to the witness. Those courts holding that the witness statements should be disclosed base their decision on either their view that the grant of confidentiality given by the agency carries little weight because it is routine and conditional, or that the witness had no reasonable expectation of confidentiality because he was a potential witness for the investigating agency at a later hearing. *Poss v. NLRB,* 565 F.2d 654, 658 (10th Cir.1977); *Stroock & Stroock & Lavan v. NLRB,* 106 LRRM 2553, 2557 (S.D.N.Y.1981); *Trustees of Boston University v. NLRB,* 105 LRRM 2159, 2164–65 (D.Mass.1980); *Nemacolin Mines Corp. v. NLRB,* 467 F.Supp. 521, 524–25 (W.D.Pa.1979); *Joseph Horne Co. v. NLRB,* 455 F.Supp. 1383, 1386–87 (W.D. Pa.1978). Other courts have rejected the so-called "potential witness" rule, noting its adverse effect on the agency's ability to gather information. *See e.g., United Technologies Corp. v. NLRB,* 777 F.2d 90, 94–95 (2d Cir.1985); *Borton, Inc. v. OSHA,* 566 F.Supp. 1420, 1422 (E.D.La.1983); *Lloyd v. Marshall,* 526 F.Supp. 485, 487 (M.D.Fla.1981); *T.V. Tower, Inc. v. Marshall,* 444 F.Supp. 1233 (D.D.C.1978); *Kaminer v. NLRB,* 90 LRRM 2269 (S.D. Miss.1975).

In *United Technologies Corp., supra,* the Second Circuit Court of Appeals recognized the split of authority surrounding the potential witness rule and determined that it should be rejected "regardless of whether the underlying enforcement proceeding has been dismissed before the hearing, is pending or has been completed." 777 F.2d at 95. The court based its decision on the practical realities of an agency's law enforcement capabilities, noting that agencies, such as the NLRB, that have no independent investigatory power must depend on the information provided by witnesses. 777 F.2d at 94. The court reasoned that the effect of a potential witness rule would be to "require an agency to choose, at the outset of its investigation, which informants it *may* later call to testify and which informants it will *definitely not* call," and concluded that Congress did not intend to create such a dilemma for agencies. 777 F.2d at 95 n. 6. Thus, the court held that the term "confidential source" includes a witness who is promised or reasonably expects confidentiality "unless and until the agency needs to call him as a witness at trial." 777 F.2d at 94.

The Court finds the reasoning of the *UTC* court in rejecting the potential witness rule to be persuasive. The terms of the express promise of confidentiality given by the NLRB to the witnesses in the instant case provide that the source can expect confidentiality *unless* the affidavit is produced in a later proceeding. The Court believes it is entirely reasonable for a witness to expect, based on this assurance, that his identity will remain confidential if either a later hearing is never held, or the hearing is held and the affidavit of this particular witness is not produced.

█ Moreover, the ability to grant an assurance of confidentiality is especially important to agencies such as the NLRB. As noted by the Supreme Court in *NLRB v. Robbins Tire & Rubber Co., supra,* 437 U.S. at 240, 98 S.Ct. at 2326, 57 L.Ed.2d at 177, witnesses, who are the principal source of information in NLRB investigations, may be reluctant to give statements to NLRB investigators absent assurances of confidentiality, for fear of employer re-

prisal or harassment. The Court believes that the effect of a potential witness rule would effectively eliminate the ability of the NLRB to grant meaningful assurances of confidentiality. Realistically, it is very unlikely that the NLRB will have decided before it takes an individual's statement whether it expects to call that person to testify at a later proceeding. As a result, practically every individual who makes a statement for the NLRB will be a "potential witness." Thus, if a potential witness rule were adopted, exemption 7(D) would lose much of its usefulness for agencies whose investigations primarily depend on the acquisition of witness statements. The Court believes that if Congress had intended such a result when it adopted exemption 7(D), it would have made those intentions clear. Absent a showing of clearly expressed Congressional intent to the contrary, the Court will not construe the statute to exempt certain agencies from receiving the full benefit of exemption 7(D).

█ Furthermore, although the Sixth Circuit Court of Appeals has not specifically addressed exemption 7(D) in this context, it did appear to question the viability of a potential witness rule in *Akron Standard v. Donovan,* 780 F.2d 568 (6th Cir.1986). In *Akron Standard,* the court reviewed a lower court's decision refusing to recognize the 7(D) exemption based on the fact that the investigation had been completed, and based on what the lower court characterized as the routine and conditional nature of the confidentiality grant. *Akron Standard,* at 572–73. The court of appeals noted that information given by a witness under a grant of confidentiality may remain protected even after the investigative file has been closed if confidentiality has not been waived. *Akron Standard,* at 573. The court remanded to the district court the determination of whether statements of witnesses, whose identity had not already been revealed, could be effectively redacted to protect the identity of those witnesses. *Akron Standard,* at 573. To the extent that the court refused to rely on the reasoning of the lower court in disregarding the grant of confidentiality to witnesses

whose identity had not already been revealed, the Court believes its disposition of the instant case is in accordance with the tenor of the *Akron Standard* decision. Accordingly, the Court concludes that the *identity* of those individuals who provided witness statements (*Vaughn* Index Nos. 3, 11, 12) to the NLRB fall within exemption 7(D).

In *Radowich v. United States Attorney,* 658 F.2d 957, 960 n. 10 (4th Cir. 1981), the court stated that the protection afforded by exemption 7(D) extends to an individual's identity and all information furnished by that individual which might disclose or point to his identity. *See also Akron Standard,* at 573. Defendants contend that no edited version of the witness statements can be released because the nature of the information given by the witnesses provide numerous clues to their identity. In addition, defendants claim that practically all the other documents withheld contain references which would lead to the disclosure of the witnesses' identity. Because neither the plaintiff nor the Court have seen these documents, it is difficult to dispute the defendants' assertion. In order to determine whether the witness statements and other documents can be redacted effectively, the Court will require defendants to submit affidavits which present a detailed explanation of the potential risk disclosure of information, contained in each document, would have on the confidentiality of these sources. These affidavits are to be filed within ten days after the entry of this Order. Plaintiff will then have ten days to respond to defendants' submissions. Accordingly, the Court will reserve decision on whether these documents (*Vaughn* Index No. 1–4, 11–14, 16–21) may be redacted effectively until the parties have filed their submissions.

Finally, the Court would advise the parties that if an *in camera* review is requested, the Court will require the requesting party to file a brief accompanying that request which addresses the factors set forth in *Ingle v. Dept. of Justice,* 698 F.2d 259, 267 (6th Cir.1983), for evaluating the appropriateness of an *in camera* review.

In sum, the Court grants summary judgment in favor of defendants under exemption 5 for documents containing summary reports (*Vaughn* Index Nos. 7–9, 22–25), and under exemption 7(C) for redaction of documents containing information on employee wage rates, job performance and personnel action (*Vaughn* Index Nos. 11, 12, 14, 19–21). The Court will reserve judgment with respect to the exempt status of the remaining documents withheld under exemption 5 (*Vaughn* Index Nos. 1, 4–6, 10, 13–15, 18, 19, 21), and exemption 7(D) (*Vaughn* Index Nos. 1–4, 11–14, 16–21).

*Attorney's Fees*

Plaintiff has requested an award of attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). The Court will reserve decision on this issue until the case has finally been resolved. At that time, the Court will require plaintiff to submit an affidavit containing information as to the amount requested and will require both parties to submit briefs addressing the standards set forth in *American Commercial Barge Lines Co. v. NLRB,* 758 F.2d 1109 (6th Cir.1985).